ON MOTION
PEARSON, Chief Judge.
The appellees have moved to dismiss this appeal ■ upon the grounds that the *872 order appealed from (a) is an interlocutory order in an action formerly cognizable in law and (b) is not one from which an interlocutory appeal is allowed by Rule 4.2, F.A.R., 32 F.S.A. The difficulty arises from the fact that the order is final as to one appellee and interlocutory as to the others. We hold that it is a final appealable order.
The order under review entered final judgment for the appellees upon defendant-appellant’s pleading, which the parties and the court called a counterclaim and third-party complaint. The pleading prayed for a money judgment against all the appel-lees. Brown, Katz, and Weisberg were plaintiffs below. Kaye was not a plaintiff ; he was brought into the cause when the appellant filed the pleading in question and made appropriate service upon him. Kaye was brought in under Rule 1.170(h),[1] Florida Rules of Civil Procedure, 30 F.S.A., not Rule 1.180(a).[2] The trial judge entered summary judgment in favor of all the appellees and against the appellant on the appellant’s claim.
If Kaye had not been brought into the cause, the order would have been final only when judgment terminating the entire action (plaintiffs’ claim and defendant-appellant’s claim) between the parties was entered. Bumby & Stimpson, Inc. v. Peninsula Utilities Corp., Fla.App.1965, 179 So.2d 414; but see Rule 4.2, F.A.R., as to an interlocutory appeal from a partial summary judgment. It is clear that the order is final in relation to Kaye, since it discharged him from the cause. See Evin R. Welch & Co. v. Johnson, Fla.App. 1962, 138 So.2d 390; Shute v. Keystone State Bank, Fla.App.1964, 159 So.2d 106; Schneider v. Manheimer, Fla.App.1965, 170 So.2d 75; Conboy v. City of Naples, Fla.App.1969, 226 So.2d 108.
We conclude that since the judgment on the counterclaim and additional party complaint is final as to one party, it should be appealable as to all. This holding will avoid two appeals from the same order and is more likely to achieve a just decision because all parties will be before this court when we decide the merits of appellant’s contentions.
The motion to dismiss the appeal is denied.

. Additional Parties Hay be Brought In. When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action.

. When Defendant May Bring in Third Party. At any time after commencement of the action a defendant as a third party plaintiff may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff’s claim against him * * *.