259 So.2d 171 (1972)
A.O. ROBERTS, Appellant,
v.
KEYSTONE TRUCKING COMPANY, a Corporation, et al., Appellees.
No. 70-682.
District Court of Appeal of Florida, Fourth District.
March 9, 1972.
*172 Alan R. Schwartz, of Horton & Schwartz, and Green & Hastings, Miami, for appellant.
Harlan Tuck, of Giles, Hedrick & Robinson, Orlando, for appellee Seaboard.
*173 OWEN, Judge.
One of the two defendants in a civil action for damages sought and obtained an order under Rule 1.250(b) R.C.P. 30 F.S.A.[1] by which such defendant was dropped as a party because of an asserted misjoinder of causes of action. The plaintiff appeals this order.
Plaintiff Roberts was the engineer on a Seaboard Coast Line Railroad Company train when it collided with a Keystone Trucking Company tractor-trailer at a grade crossing in Orange County, Florida, resulting in personal injuries to the plaintiff. He brought suit naming both the railroad and the trucking company as defendants. One count alleged that the plaintiff's injuries arose out of the trucking company's negligent maintenance, operation or control of its vehicle. A second count set forth a claim against the railroad under the Safety Appliance Act and a third count alleged a claim against the railroad under the Federal Employers' Liability Act. Seaboard filed motions to dismiss, to strike, for more definite statement and to be dropped as a party defendant, resulting in an order dated July 2, 1970, the essential parts of which were as follows:
"Upon consideration it is ORDERED that:
1. Motion filed June 11, 1970 by Defendant Seaboard Coast Line Railroad Company to Dismiss the Complaint is granted as to said Defendant on the ground of a misjoinder of a cause of action.
2. Other pending motions are rendered moot."
After the order of July 2 had been entered, Seaboard filed a motion to amend the order to conform to the court's oral ruling announced at the hearing that the court was granting the railroad's motion to be dropped as a party defendant. Thereupon, without further hearing, the court entered its order of July 15, 1970, the essential parts of which are as follows:
"It appears to the Court that its Order dated July 2, 1970 should be amended.
Upon consideration it is ORDERED that: the Order of July 2, 1970 is amended to read as follows:
1. Motion filed June 11, 1970 by Defendant Seaboard Coast Line Railroad Company to Dismiss the Complaint is granted and Seaboard Coast Line Railroad Company is dropped as party Defendant in this cause."
This is the order which we are asked to review.
Appellee contends that we lack jurisdiction to review this order because, so it says, the order is interlocutory in nature and hence cannot support a full appeal under Rule 3.2, F.A.R., 32 F.S.A. and does not qualify for interlocutory appeal under Rule 4.2, F.A.R. The point, while not expressly decided, is not without some merit. On the other hand, we cannot help but observe (by way of dicta) that the order, having omitted any provision as to the terms upon which the railroad was dropped as a party defendant, appears to have the effect of totally eliminating the railroad from the lawsuit and from further jurisdiction of the court without any further order or judicial labor being contemplated. *174 Left unclear is the question of whether the effect of the order requires the plaintiff to file a new suit and again have service of process issued and served upon the railroad if he wishes to pursue his claims against such defendant. One thing is clear. If the order appealed is error, plaintiff's remedy by appeal after proceeding to final judgment against the remaining defendant would likely be wholly inadequate. In the exercise of our discretion we can and do elect to treat the notice of appeal as a petition for certiorari.
Ordinarily, neither a misjoinder of parties nor a misjoinder of causes of action is a proper basis for dismissal of a complaint. If there is a misjoinder, the proper procedure is to sever the claims and to thereafter proceed separately with such thereof as to which the court has jurisdiction, dismissing only as to the parties or causes of action over which the court has no jurisdiction. However, there was no misjoinder in this case. The several claims asserted by the plaintiff arose out of a single transaction or occurrence, to-wit: plaintiff's damages due to injuries sustained in the collision. In a factual situation almost identical to that in the instant case, a joinder of similar causes of action was tacitly (if not expressly) approved in Loftin v. Wilson, Fla. 1953, 67 So.2d 185. More recent cases have recognized that the joinder of these several causes of action in one suit is permitted by Rule 1.210(a) R.C.P. See Shingleton v. Bussey, Fla. 1969, 223 So.2d 713; Highland Insurance Co. v. Walker Memorial Sanitarium & Benevolent Association, Fla. App. 1969, 225 So.2d 572.
The railroad's motion to be dropped as a party defendant asserted, in addition to the misjoinder of causes of action, that to allow the plaintiff to join his claim against the trucking company with his claim against the railroad would be highly prejudicial to the railroad's defense. It appears that factual matters which the railroad would hope to develop in defense against the plaintiff's FELA action (by which it could be shown that the plaintiff's own negligence contributed to the collision) would necessarily work as a bar to the railroad's anticipated cross-claim against the trucking company for damages to the railroad's locomotive. Although it is not made clear as to why the railroad could not file a separate suit against the trucking company for such damages, the fact remains that if the trial court does find that the rights of the railroad will be prejudicially affected by a joinder, the trial court has broad discretion in the interest of effective judicial administration to sever the claims under Rule 1.250(a) R.C.P., or to order separate trials under the provisions of Rule 1.270(b) R.C.P. in order to avoid prejudice to a party. Rule 1.250(b) was not designed or intended to provide a means whereby a defendant, against whom the plaintiff has a cause of action and over whom jurisdiction has been acquired, to be dropped from the suit on the defendant's own motion merely because such defendant does not wish to be sued or finds it inconvenient to be sued in the same suit with others.
The provision in Rule 1.250(b) R.C.P. for parties to be dropped by order of court on its own initiative or on the motion of any party at any stage of the action on such terms as are just is patterned after Rule 21, Fed.R.Civ.P. The most common use of this provision of the rule in the federal courts relates to problems affecting diversity jurisdiction. This is not a problem in the state court. Consequently, we conclude that use of the rule in the state court should be restricted, and that a defendant against whom a cause of action has been stated and over whom the court had acquired jurisdiction should not be dropped as a party defendant against the plaintiff's wishes unless there is no other means by which the rights of such defendant may be adequately protected. Even then, the order dropping the party defendant should provide for "such terms as are just". This latter phrase necessarily means terms that *175 are just to all parties, not merely the defendant who is dropped, keeping in mind problems which conceivably could arise later such as difficulty in again acquiring jurisdiction over the defendant and the possibility of the action having become barred by the statute of limitations in the interim.
The order under review is quashed, and this cause remanded for further proceedings not inconsistent with the views herein expressed.
REED, C.J., and MAGER, J., concur.
NOTES
[1] "Rule 1.250. Misjoinder and Non-Joinder of Parties.

(a) Misjoinder. Misjoinder of parties is not a ground for dismissal of an action. Any claim against a party may be severed and proceeded with separately.
(b) Dropping Parties. Parties may be dropped by an adverse party in the manner provided for voluntary dismissal in Rule 1.420(a) (1) subject to the exception stated in that rule. If notice of lis pendens has been filed in the action against a party so dropped, the notice of dismissal shall be recorded and cancels the notice of lis pendens without the necessity of a court order. Parties may be dropped by order of court on its own initiative or the motion of any party at any stage of the action on such terms as are just.
* * *"