313 So.2d 417 (1975)
Y.D. CARBONELL, Individually and Doing Business As the Strand Theatre, et al., Appellants,
v.
AMERICAN INTERNATIONAL PICTURES, INC., et al., Appellees.
No. 75-33.
District Court of Appeal of Florida, Third District.
May 27, 1975.
Edward B. Johnson, Jr., Key West, for appellants.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and James E. Tribble, Miami, for appellees.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
*418 HAVERFIELD, Judge.
Defendants, appellants herein, take this interlocutory appeal to review the trial court's order denying defendant's motion to dismiss for misjoinder under RCP 1.110(g).
Appellees, plaintiffs in the trial court, are nine corporations engaged in the business of licensing the right to movie theaters to exhibit motion pictures which are distributed by the plaintiffs. Appellees entered into such written license agreements with the defendant-appellants, The Strand Theatre and its manager and proprietor Y.D. Carbonell. As consideration therefor, the plaintiff corporations were to receive a percentage of the gross admission receipts taken in by the defendants. Upon a partial audit, plaintiffs discovered that the defendants' box office records and statements pertaining to the gross admission receipts submitted to the plaintiff corporations were inaccurate, understated and underreported. Thereupon, plaintiffs filed a complaint and second amended complaint against the defendants for breach of contract, an accounting and for fraud and deceit. In response thereto, defendants moved to dismiss the second amended complaint for misjoinder in that same consisted of nine separate and distinct counts and causes of action by nine separate and distinct plaintiffs against essentially one defendant. Defendants further alleged that none of the counts arises out of the same transaction so as to permit joinder of the nine causes of action. The trial judge denied the motion to dismiss and defendants appeal therefrom.
We first note that appellants' motion to dismiss on the ground that there was a misjoinder of parties plaintiff and causes of action properly was denied under RCP 1.250, 30 F.S.A. which provides, inter alia, that a misjoinder of parties shall not be a ground for dismissal of an action. See also Kennedy & Ely Insurance, Inc. v. American Employers' Insurance Company, Fla.App. 1965, 179 So.2d 248.
Second, for the reasons cited hereinafter, we cannot agree with appellants' argument that the complaint in the case sub judice is multifarious.
Generally multifariousness is considered to be a matter of convenience and there is no positive inflexible rule as to what constitutes multifariousness requiring dismissal of a complaint; however, multifariousness occurs when distinct and disconnected subjects, matters or causes are joined in the same complaint or when parties, either as defendants or plaintiffs, who have no common interest in the subject matter of the litigation or connection with each other insofar as the issues in the litigation are concerned join in the same suit. Williams v. Ricou et al., 143 Fla. 360, 196 So. 667 (1940).
After a review of the facts as presented by the record in the case at bar in light of the above principles of law, we cannot say the subject complaint is multifarious. The licensing agreements entered into by the plaintiffs with the identical defendant are the same type of contract which provided for a percentage of the gross admission receipts as the consideration therefor. All of the counts in the complaint relate to the identical time period and a single auditor conducted the audit of the defendants' records which gave rise to this cause of action. Clearly the parties plaintiffs have a common interest in the subject matter of the litigation and issues presented therein. It is equally apparent that the matters or causes joined in the complaint are not completely distinct or disconnected.
By permitting the plaintiffs to join their causes of action against the defendant in the same complaint, the trial judge realized the aim of the rules of civil procedure to allow the liberal joinder of parties in order to avoid a multiplicity of suits and further to serve the interest of expediency. See Miracle House Corporation v. Haige, Fla. 1957, 96 So.2d 417; Morris and Esher, Inc. *419 v. Olympia Enterprises, Inc., Fla.App. 1967, 200 So.2d 579; Mullray v. Aire-Lok Co., Inc., Fla.App. 1968, 216 So.2d 801; Highland Insurance Company v. Walker Memorial Sanitarium and Benevolent Association, Fla.App. 1969, 225 So.2d 572.
If joinder were not permitted the probable result would be nine separate complaints being filed, pretrial discovery being multiplied ninefold, defendants' records being audited nine separate times, and nine jury trials being held to determine basically the same legal issues. It cannot be said that the ends of justice would be served best thereby.
Accordingly, the order of denial is affirmed and the cause remanded to the trial court for further proceedings.
It is so ordered.