HAVERFIELD, Judge.
Defendant condominium developer seeks review of an order granting plaintiffs’ motion to join additional parties plaintiff in this action for damages and rescission of a condominium recreational lease on the grounds of fraud, deceit and misrepresentation.
In May 1974 eight condominium unit owners as a class action filed suit against Herman Rosenwasser, the developer of their condominium and the lessor of a 99 year recreational lease. Plaintiffs’ complaint alleged that they were induced to purchase their individual units in reliance on representations made in a written brochure depicting lakeside swimming, sandy beaches and courtesy bus service, none of which has been provided. The complaint further alleged that plaintiffs were induced to enter a 99 year lease of recreational facilities ; nevertheless, to date defendant developer had taken no steps to construct these facilities. Plaintiffs prayed for damages, compensatory and punitive, and rescission of the lease. Defendant filed a motion to dismiss the complaint for failure to state a cause of action in that the suit was not maintainable as a class action. The motion was denied and on appeal this court reversed the denial and remanded the cause to the trial court to proceed as an action by the named plaintiffs.[1] Upon remand, plaintiffs filed a motion to join additional parties which was granted. Defendant appeals from the granting of this motion and argues that the trial court abused its discretion by permitting the joinder of over 30 condominium unit owners as plaintiffs in a complaint based on fraud and deceit, when each unit owner entered into a separate and independent purchase agreement. We cannot agree.
Generally, multifariousness occurs when distinct and disconnected subjects, matters, or causes are joined in the same complaint or when parties, either as defendants or plaintiffs, who have no common interest in the subject matter of the litigation or connection with each other insofar as the issues in the litigation are concerned join in the same litigation. Carbonell v. American International Pictures, Inc., Fla.App.1975, 313 So.2d 417.
The joinder of the additional plaintiffs in the case sub judice does not make the complaint multifarious. All plaintiffs are condominium unit owners in the condominium complex which was developed by the defendant Rosenwasser, and each entered into a sales contract which has the identical provision pertaining to the lease of the recreational facilities which they allege defendant has not provided. Likewise, with respect to the fraud and deceit count, the complaint states that all plaintiff unit owners, as an inducement to purchase their units, relied upon the representations made in copies of the same sales brochure shown to each of them. Thus, it cannot be said that plaintiffs in the case at bar have no common interest in the subject matter of the litigation or no connection with each other insofar as the issues in the litigation are concerned.
Affirmed.

. Rosenwasser v. Frager, Fla.App.1975, 307 So.2d 865.