HENDRY, Judge.
Appellant/defendant appeals from a summary final judgment on the issue of liability in a malicious prosecution action filed by appellees/plaintiffs. We reverse.
In 1973, appellant was involved in a lawsuit with appellees for specific performance. It was alleged by appellees in that suit that appellant executed a deposit receipt agreement to sell her apartment house to a prospective purchaser. Appellant denied executing the agreement and filed a cross-claim against appellees for forgery of her *95 signature. Subsequently, by jury verdict, the forgery issue was determined in favor of appellees.
Appellees later filed a malicious prosecution suit against appellant arising out of the 1973 lawsuit. Appellant asserted by way of affirmative defenses (1) that in filing the cross claim in the prior action, she was acting under the express advice of counsel; (2) that she acted with probable cause; and (3) that she was telling the truth about the forgery. Appellees filed a motion for summary judgment on the issue of liability urging that the trial judge strike appellant’s affirmative defenses. The trial judge granted partial summary judgment and this appeal has been taken.
We hold that the court erred in entering partial summary judgment as there were clearly genuine issues of material fact left unresolved. Holl v. Talcott, 191 So.2d 40 (Fla.1966).
 In a malicious prosecution action, there are six elements which must be proven: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against the plaintiff, who was the defendant in the original proceeding; (3) the bona fide termination of the proceeding in favor of the present plaintiff; (4) the absence of probable cause for institution of such proceeding; (5) the presence of malice; and (6) damages. Applestein v. Preston, 335 So.2d 604 (Fla. 3d DCA 1976).
The issues of material fact raised by appellant’s affirmative defenses were not necessarily determined by the prior adverse judgment in the 1973 action. Burchell v. Bechert, 356 So.2d 377 (Fla. 4th DCA 1978). Accordingly, partial summary final judgment is reversed and remanded for further proceedings.
Reversed and remanded for further proceedings.