390 So.2d 465 (1980)
Byron CASSIDY, Aime Perise, Karen Perise, David Murray, Elizabeth Rusk and Guy Richer, Appellants,
v.
ICE QUEEN INTERNATIONAL, INC., Appellee.
No. 80-161.
District Court of Appeal of Florida, Third District.
November 25, 1980.
*466 Joel V. Lumer and G.T. Ramani, Miami, for appellants.
Siegel & Siegel and Jerome R. Siegel, Margate, for appellee.
Before BARKDULL, SCHWARTZ and DANIEL S. PEARSON, JJ.
SCHWARTZ, Judge.
The plaintiffs below seek review of an interlocutory order granting the motion[1] of the appellee, Ice Queen International, Inc., an Ohio corporation, to dismiss the complaint on grounds of (a) lack of jurisdiction over the defendant and (b) misjoinder of "multiple claims by multiple parties." Treating the improperly designated plenary appeal as an appeal under Fla.R.App.P. 9.130(a)(3)(C)(i) from a non-final order which determined jurisdiction of the person,[2] we reverse the order below.
Neither ground asserted in the order supports the dismissal of the complaint. The defendant was qualified to do business in Florida and was properly served through its designated resident agent in Leon County. It was therefore plainly subject to the jurisdiction of the trial court. Confederation of Canada Life Ins. Co. v. Vega Y Arminan, 144 So.2d 805 (Fla. 1962); Junction Bit & Tool Co. v. Institutional Mortgage Co., 240 So.2d 879 (Fla. 4th DCA 1970).
As to the misjoinder issue, Fla.R. Civ.P. 1.250(a) specifically provides that "[m]isjoinder of parties is not a ground for dismissal of an action." See, Kennedy & Ely Insurance, Inc. v. American Employers' Ins. Co., 179 So.2d 248 (Fla. 3d DCA 1965). Furthermore, the claims of the several plaintiffs that, induced by the same allegedly false representation, each signed separate but identical franchise agreements with the defendant, were in fact properly joined in a single action. Rosenwasser v. Frager, 322 So.2d 640 (Fla. 3d DCA 1975); Carbonell v. American International Pictures, Inc., 313 So.2d 417 (Fla. 3d DCA 1975).
On appeal, the defendant claims that the complaint was properly dismissed on another ground, that of improper venue. We disagree. Since the venue objection was not raised in the defendant's motion to dismiss, which was heard and ruled upon below, it has been waived. Fla.R.Civ.P. 1.140(b), (g); see, Gross v. Franklin, 387 So.2d 1046 (Fla. 3d DCA 1980). In any case, it appears that venue was properly laid in Dade County under Section 47.051, Florida Statutes (1979). See, Mann v. Goodyear Tire and Rubber Co., 300 So.2d 666 (Fla. 1974). At the least, Ice Queen did not carry its burden to plead and prove otherwise. Birdsall Shipping, S.A. v. Gallardo, 390 So.2d 437 (Fla. 3d DCA 1980); Sheffield Steel Products, Inc. v. Powell Brothers, Inc., 385 So.2d 161 (Fla. 5th DCA 1980).
The order below is reversed and the cause remanded with directions to deny the motion to dismiss and for further proceedings consistent herewith.
Reversed.
NOTES
[1] The order is interlocutory, rather than final, because it merely granted the motion to dismiss and did not actually dismiss the complaint or the cause. Gries Investment Co. v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980); Donnell v. Industrial Fire & Casualty Co., 378 So.2d 1344 (Fla. 3d DCA 1980).
[2] We are authorized to do so by Fla.R.App.P. 9.040(c).