397 So.2d 733 (1981)
TRAVELERS EXPRESS, INC., Appellant,
v.
Myriam ACOSTA, Carlos J. Acosta and 22ND Avenue Drugs, Inc., Appellees.
No. 79-1183.
District Court of Appeal of Florida, Third District.
April 28, 1981.
*735 Mershon, Sawyer, Johnston, Dunwody & Cole and Robert T. Wright, Jr., Miami, for appellant.
Markus & Winter and Laurie S. Silvers, Miami, for appellees.
Before HENDRY, NESBITT and BASKIN, JJ.

ON MOTION FOR REHEARING GRANTED
NESBITT, Judge.
Travelers Express, Inc. (Travelers), defendant/counterclaimant in the lower tribunal, seeks reversal of an order dismissing its counterclaim. We find error and reverse.
The threshold question presented is whether this court has jurisdiction to entertain the appeal. The controversy had its genesis when an agent of Travelers initiated criminal proceedings against Myriam Acosta and her husband, Carlos, for allegedly misappropriating blank money orders. The criminal charges against Myriam were dismissed. Carlos was eventually found guilty of grand larceny upon his plea of nolo contendere. Thereafter, Myriam commenced this action charging Travelers with malicious prosecution. Travelers, in turn, filed an answer containing a general denial, affirmative defenses, and a counterclaim against Myriam. The counterclaim was also asserted against Carlos and 22nd Avenue Drugs, Inc., the corporate entity owned and controlled by the Acostas. Service of process was effected upon Carlos and the corporation, as required by Florida Rule of Civil Procedure 1.170(h). The various theories asserted in the counterclaim included conversion, breach of trust, and conspiracy to defraud. The counterdefendants moved to dismiss the counterclaim because of a misjoinder of parties.
A counterclaim is compulsory even where it requires the joinder of other parties who are deemed "indispensable" if service of process may be appropriately effected so as to subject them to the court's jurisdiction. When jurisdiction cannot be obtained over the other parties, a compulsory counterclaim need not be stated. Fla.R. Civ.P. 1.170(a);[1] 8 Fla.Jur. Counterclaim § 35. Here, Travelers did effect service of process over the added counterdefendants, Carlos and the Acostas' corporation. Consequently, the counterclaim does not become non-compulsory under the exception *736 created within the rule when there is an inability to join additional parties.[2]
Ultimately, the court entered an order dismissing Travelers' counterclaims "with prejudice against their reassertion in this action." With the original action still pending, Travelers had the option to appeal, as it has chosen to do, or to follow the trial judge's ruling and refile its dismissed counterclaim as an independent action. Cheezem Development Corporation v. Maddox Roof Service, Inc., 362 So.2d 99 (Fla. 2d DCA 1978), cert. denied, 368 So.2d 1370 (Fla. 1979). However, as pointed out in Cheezem Development Corporation, supra, such an action would have committed the parties to a "race to judgment"  a highly untenable position for these or any other litigants.[3]
Ordinarily, an order dismissing a compulsory[4] counterclaim is not appealable until final disposition of both the claim and the counterclaim. Taussig v. Insurance Company of North America, 301 So.2d 21 (Fla. 2d DCA 1974); Bumby & Stimpson, Inc. v. Peninsula Utilities Corporation, 179 So.2d 414 (Fla. 3d DCA 1965). This rule is one of policy to prevent piecemeal litigation. Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974). In this case, Myriam's original complaint against Travelers is pending in the trial court and therefore we would not ordinarily entertain this appeal. However, the counterclaim was also dismissed with respect to Carlos and the Acostas' corporation. It is clear that the dismissal of the counterclaim as to Carlos and the corporation became appealable at that point. When a matter is properly asserted as a mandatory counterclaim, rather than a permissive counterclaim, it is error to dismiss it as such. However, it may be proper to dismiss it on the merits, in which case that determination will remain interlocutory in character until the final disposition of the original claim. Our examination of Berkan v. Brown, 231 So.2d 871 (Fla. 3d DCA 1970) and cases cited therein discloses that the same order was likewise appealable as to Myriam. The policy reasons for this conclusion were stated as follows:
We conclude that since the judgment on the counterclaim and additional party complaint is final as to one party, it should be appealable to all. This holding will avoid two appeals from the same decision because all parties will be before this court when we decide the merits of appellant's contentions.
231 So.2d at 872. Consequently, we have jurisdiction to entertain the appeal pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A).
On the merits, appellees attempt to support the order appealed from on the grounds that there was both misjoinder of parties as well as a misjoinder of causes of action. We disagree. The Authors' Comment on Florida Rule of Civil Procedure 1.170 states:
The purpose and effect of the rule is to permit any claim that defendant has against the plaintiff to be asserted as a counterclaim, thereby avoiding circuity of action. It is immaterial whether the counterclaim is in contract or tort, or even whether it has any connection with the plaintiff's claim.
30 Fla. Stat. Ann. 237-38 (1967).
Florida Rule of Civil Procedure 1.170(h) permits additional parties to be *737 brought in "[w]hen the presence of parties other than those to the original action is required to grant complete relief in the determination of a counterclaim... ." Neither misjoinder of parties nor misjoinder of causes of actions are grounds for dismissal of a claim or counterclaim. Fla.R.Civ.P. 1.250(a); Carbonell v. American International Pictures, Inc., 313 So.2d 417 (Fla. 3d DCA 1975); Roberts v. Keystone Trucking Company, 259 So.2d 171 (Fla. 4th DCA 1972).
What the trial court undoubtedly contemplated by the entry of the challenged order was a severance as permitted by Florida Rule of Civil Procedure 1.250(a). On remand, the trial court will again likely be faced with the question of severance. To aid in the resolution of that question, we point out that Florida Rule of Civil Procedure 1.270(b) provides that: "[t]he court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim ...," which are the only grounds recognized for a severance. See, Roberts v. Keystone Trucking Company, supra. Federal Rule of Civil Procedure 13(a), after which Florida Rule of Civil Procedure 1.170(a) is patterned,[5] is to be accorded a liberal interpretation in order that there may be complete relief and determination of all issues  preferably in one trial. 3 Moore's Federal Practice, ¶ 13.13 (2d Ed. 1980). Therefore, a severance under Florida Rule of Civil Procedure 1.270(b), while residing in the sound discretion of the trial court upon an appropriate showing, should remain the exception.[6] Once a sufficient showing is made to warrant separate trials, the trial of either the main claim or the counterclaim does not require the entry of a separate judgment. The disposition of the earlier claim will remain interlocutory in character until the final disposition of the other.[7]Taussig v. Insurance Company of North America, supra. The final disposition of both the claim and the counterclaim properly should be reflected by the entry of a single judgment. Karden v. Hatfield, 143 So.2d 208 (Fla. 3d DCA 1962); Tobin v. Garry, 127 So.2d 698 (Fla. 2d DCA 1961).
The potential problems resulting from separate trials are well illustrated by the instant case. Severing Myriam's claim for malicious prosecution from those claims asserted by Travelers may result in the following outcomes:
*738 (1) Verdicts for Myriam on both her claim and on Travelers' counterclaims. Such a verdict would present no problem.
(2) Verdicts for Travelers on both its counterclaims and on Myriam's claim, which would likewise present no problem.
(3) A verdict for Myriam on her claim for malicious prosecution, whether tried separately or together, coupled with a verdict in favor of Travelers on its counterclaims, would produce repugnant, inconsistent verdicts. For example, a verdict for Myriam on her claim of malicious prosecution requires establishment of all elements of the tort, one of which is the absence of probable cause, Tatum Bros. Real Estate & Investment Co. v. Watson, 92 Fla. 278, 109 So. 623 (Fla. 1926); Molne v. Alfonson, 364 So.2d 94 (Fla. 3d DCA 1978); while a verdict for Travelers on its counterclaims would necessarily establish the probable cause which was found to be absent in a verdict for Myriam on her malicious prosecution claim. The fact that one was rendered before the other is irrelevant because, as stated, the disposition of a claim or counterclaim tried separately remains interlocutory in nature until the final disposition of the other, Taussig v. Insurance Company of North America, supra.[8]
There is no shorthand solution to avoid repugnant and inconsistent verdicts in the ever-increasing multiplicity of claims, cross-claims, and counterclaims. Our inquiry is limited only to pointing out the potential problems so that, where a problem becomes apparent, litigants and trial courts may fashion a solution to avoid needless trials and the attendant costs, delays, and expenditure of judicial effort.
For the foregoing reasons, the order dismissing the counterclaims is reversed and remanded for further proceedings not inconsistent herewith.
HENDRY, J., dissents.
NOTES
[1] Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, provided it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. But the pleader need not state a claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on the claim and the pleader is not stating a counterclaim under this rule. [emphasis supplied]
[2] See n. 1.
[3] This is so because the doctrines of res judicata and collateral estoppel would have foreclosed a less fortuitous party from litigating either the original claim or the separate claim upon final disposition of the other. Moore's Federal Practice appropriately points out that the compulsory counterclaim requirement in Rule 13(a) of the Federal Rules of Civil Procedure [after which Florida Rule of Civil Procedure 1.170(a) is modeled] is a simple reminder to the practitioner of that which ought to be done because the rule, though one of procedure, significantly affects the substantive rights of the parties.
[4] The termination of a permissive counterclaim, which constitutes a separate and distinct cause of action is appealable. S.L.T. Warehouse Company v. Webb, 304 So.2d 97 (Fla. 1974); Mendez v. Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974).
[5] See n. 3.
[6] This is so because a severance for trial of a claim or counterclaim may increase the possibility of inconsistent verdicts and decrease the ability of the court to resolve such inconsistencies without granting a re-trial in one or both causes.

When multiple claims or counterclaims are tried together and inconsistent verdicts are rendered, the trial court may, before accepting the verdicts and discharging the jury, give a clarifying or corrective instruction to enable the jury to return consistent verdicts. See, 32 Fla. Jur., Trial § 270 and cases cited therein. Additionally, the trial court may utilize special interrogatory verdicts which will not only aid the jury in returning consistent verdicts but will allow the trial court to cure otherwise inconsistent verdicts and enter appropriate judgments by excising certain inconsistencies.
Therefore, prior to severing claims, the trial judge should consider the possibility of juries arriving at inconsistent verdicts. As the probability of reaching inconsistent verdicts increases, it will offset increasing amounts of potential prejudice which may affect one of the claimants. In determining the probability of such inconsistent verdicts arising, a trial judge should consider:
(1) whether a finding of liability in one case will necessarily be mutually exclusive to a potential finding in the other case;
(2) the degree of similarity between the facts to be resolved which support each of the claims;
(3) the relationship of various plaintiffs or defendants to the claim, i.e.,
(a) whether the defendants may be jointly or severally responsible; and
(b) whether recovery for one plaintiff should reasonably require recovery for another plaintiff as well; and
(4) whether reasonable persons could return each of the possible verdicts.
Where the probability of inconsistent verdicts increases, the countervailing considerations of "convenience" or "prejudice" are reduced to a point where the trial court should exercise its discretion in favor of trying the actions together.
[7] This is so irrespective of how the first order is labeled. Chipola Nurseries, Inc. v. Div. of Admin., Dept. of Transp., 335 So.2d 617 (Fla. 1st DCA 1976).
[8] The principles of res judicata and collateral estoppel would not apply. Armellini Express Lines, Inc. v. Sexton, 384 So.2d 310 (Fla. 5th DCA 1980); Donnell v. Industrial Fire and Casualty Co., 378 So.2d 1344 (Fla. 3d DCA 1980); Edwards v. Kings Point Housing Corporation, 351 So.2d 1073 (Fla. 4th DCA 1977).