BASKIN, Judge.
Appellants seek reversal of the trial court’s order dismissing their amended complaint based on “misjoinder of parties, both plaintiffs and defendants.” We reverse.
Dismissal of a complaint is not the proper remedy for misjoinder of parties. Fla.R. Civ.P. 1.250(a); see Harrell v. Hess Oil & Chemical Corp., 287 So.2d 291, 294 (Fla.1973); Travelers Express, Inc. v. Acosta, 397 So.2d 733, 737 (Fla. 3d DCA 1981); Cassidy v. Ice Queen Int’l, Co., 390 So.2d 465, 466 (Fla. 3d DCA 1980); Carbonell v. American Int’l Pictures, Inc., 313 So.2d 417 (Fla. 3d DCA 1975); Roberts v. Keystone Trucking, Inc., 259 So.2d 171, 174 (Fla. 4th DCA 1972); Kennedy & Ely Ins., Inc. v. American Employers’ Ins. Co., 179 So.2d 248, 249 (Fla. 3d DCA 1965). The appropriate remedy for misjoinder is severance of the claims. Fla.R.Civ.P. 1.250(a); see Travelers Express, 397 So.2d at 737.[1]
Reversed and remanded for proceedings consistent with this opinion.

. Appellant’s conspiracy-to-defraud claim fails to allege that appellees acted in concert to accomplish their illegal purpose. See Nicholson v. Kellin, 481 So.2d 931, 935 (Fla. 5th DCA 1985). Upon remand, appellants should be given an opportunity to amend this count. See Moudy v. Southland Distrib. Co., 452 So.2d 1045, 1046 (Fla. 2d DCA 1984).