544 So.2d 217 (1989)
ALANCO, et al., Petitioners,
v.
Franklin B. BYSTROM, Property Appraiser of Dade County, Florida, Stephen Smith, Tax Collector of Dade County, Florida, and Executive Director of the Department of Revenue of the State of Florida, Respondents.
No. 88-662.
District Court of Appeal of Florida, Third District.
March 21, 1989.
Rehearing Denied June 28, 1989.
Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel and Alan T. Dimond and Pedro J. Martinez-Fraga, William E. Shockett, Miami, for petitioners.
Robert A. Ginsburg, County Atty., and Daniel A. Weiss, Asst. County Atty., for respondents Dade County Property Appraiser and Tax Collector.
Robert A. Butterworth, Atty. Gen., and Joseph C. Mellichamp, III, Asst. Atty. Gen., for Respondent Executive Director of the Dept. of Revenue of the State of Florida.
Before BARKDULL,[*] NESBITT and FERGUSON, JJ.
FERGUSON, Judge.
Petitioners, 176 unit owners in the luxury Grove Isle condominium complex, seek review by a petition for certiorari or prohibition of a trial court ruling that their single lawsuit challenging a tax assessment must be filed as 176 separate lawsuits.
By an amended complaint the plaintiffs alleged that:
(1) The Defendant [Property Appraiser] did not uniformly assess the valuation of the Plaintiffs' properties but arbitrarily and discriminatorily assessed Plaintiffs' properties at a higher cash value than all other property in Dade County, Florida.

*218 (2) The Defendant [Property Appraiser] did not use current sales in comparing sales of all similarly situated condominiums in Dade County, Florida.
(3) The Defendant [Property Appraiser] failed to deduct the cost of sales in comparing comparable sales to the Plaintiffs' properties.
(4) The Defendant [Property Appraiser] failed to consider the change in market conditions for deluxe condominiums which diminished the fair market value of the Plaintiffs' properties.
The general claims were made applicable to all 176 units.
After a hearing on the respondents' motion for judgment on the pleadings, the trial court, finding that the amended complaint misjoined all 176 plaintiffs, issued the following order: (1) plaintiffs who wish to continue with the litigation shall file a statement of intent within 30 days; (2) each named plaintiff who expresses an intent to continue the litigation shall pay a filing fee to the clerk and shall have a separate case and number for blind-filing throughout the division; and (3) the claim of a plaintiff who fails to comply with the requirement to serve notice of intent to continue the litigation or pay the filing fee shall be dismissed on motion of the defendant or the court.
Petitioners contend, among other things, that the trial court's Order on Motion for Judgment on the Pleadings, which purports to sever the claims, actually improperly dismisses the claims on grounds of misjoinder. Further, they claim it cannot be said, based on the complaint, that uniform relief is not available to the plaintiffs based on common tax-assessment aberrations. Both contentions, as matters of procedure, have merit.
Where the trial court makes a factual determination that there is a misjoinder of causes of action it may sever the claims under the provisions of Rule 1.250(a), or order separate trials pursuant to Rule 1.270(b). Roberts v. Keystone Trucking Co., 259 So.2d 171, 174 (Fla. 4th DCA 1972).[1] The law is clear, however, that misjoinder of parties is not a ground for dismissal. Fla.R.Civ.P. 1.250(a); Anderson v. Brown, 524 So.2d 457 (Fla. 3d DCA), rev. denied, 531 So.2d 1352 (Fla. 1988); Travelers Express, Inc. v. Acosta, 397 So.2d 733 (Fla. 3d DCA 1981); Keystone Trucking Co., 259 So.2d at 174. A direction to a plaintiff, by an order entered on a motion for judgment on the pleadings, to refile a pending claim and pay a filing fee or suffer a dismissal  on grounds of misjoinder  is, de facto, a dismissal on grounds of misjoinder. It is the legal effect, rather than the language of a judgment, that governs. 32 Fla.Jur.2d Judgments and Decrees § 24 (1981). The order is thus reviewable as an appeal from a final order pursuant to Florida Rule of Appellate Procedure 9.110(a).[2]
The law is also clear that the purpose of a motion for a judgment on the pleadings is to test the legal sufficiency of a cause of action and to permit a trial judge to examine the allegations of the pleadings and determine whether there are any issues of fact to be resolved. Bradham v. Hayes Enters., Inc., 306 So.2d 568 (Fla. 1st DCA 1975). Judgment on the pleadings is appropriate only after the pleadings are closed, which generally means after the complaint has been answered by the opposing party. Farag v. National Databank Subscrips., Inc., 448 So.2d 1098 (Fla. 2d DCA 1984); Metropolitan Bank & Trust Co. v. Vanguard Ins. Co., 400 So.2d 184 (Fla.2d DCA 1981); J & S Coin Operated Machs., Inc. v. Gottlieb, 362 So.2d 38 (Fla. 3d DCA 1978); Fla.R.Civ.P. 1.140(c).
*219 We need not reach the substantive issues presented by the petition.
REVERSED AND REMANDED.
NOTES
[*] Judge Barkdull participated in the decision but did not hear oral argument.
[1] The respondents/defendants did not allege, nor did the court find, that a trial of all the claims in a single lawsuit would be prejudicial to the defense. Rule 1.210(a), governing which parties the plaintiffs may join in an action, is construed liberally to avoid the necessity of several suits and serve the interest of expediency. Highland Ins. Co. v. Walker Memorial Sanitarium & Benevolent Ass'n, 225 So.2d 572 (Fla. 2d DCA), cert. denied, 232 So.2d 181 (Fla. 1969).
[2] A petition for certiorari may be treated as an appeal. Fla.R.App.P. 9.040(c); Interdevco, Inc. v. Brickellbanc Sav. Ass'n, 524 So.2d 1087 (Fla. 3d DCA 1988).