579 So.2d 183 (1991)
DEPARTMENT OF TRANSPORTATION, STATE OF FLORIDA, Appellant,
v.
HEATHROW LAND & DEVELOPMENT CORPORATION, et al., Appellees.
No. 90-1741.
District Court of Appeal of Florida, Fifth District.
April 11, 1991.
Rehearing Denied May 31, 1991.
*184 Thornton J. Williams, Gen. Counsel, and Thomas F. Capshew, Asst. Gen. Counsel, Florida Dept. of Transp., Tallahassee, for appellant.
G. Robertson Dilg and Gordon H. Harris, of Gray, Harris & Robinson, P.A., Orlando, for appellee Ralph Kaschai, d/b/a Cashi Signs.
No appearance for appellee Heathrow Land & Development Corp.
COWART, Judge.
Appellant, Department of Transportation (DOT), filed a petition in eminent domain to acquire property to enlarge an interchange on Interstate 4. On the property being condemned is an outdoor advertising billboard owned by Ralph Kaschai. The DOT is receiving federal funds relating to this project which makes applicable the Federal Uniform Relocation Assistance and Real Property Acquisition Policies Act as amended by the Uniform Relocation Act Amendments of 1987 (Pub.L. 100-17), 42 U.S.C. § 4601, et seq. (the "Federal Uniform Act").
At a hearing on an Order of Taking under Chapters 73 and 74, Florida Statutes, where the trial court must determine the good faith amount DOT is required to deposit into the registry of the court as a condition precedent to taking title to the condemned property, Kaschai, the sign owner, argued that DOT was required, pursuant to Chapter 74, Florida Statutes (1989) to make a good faith estimate of value based upon a valid appraisal of his billboard and to deposit that sum into the registry of the court prior to removing the billboard. DOT argued that under Division of Administration, State of Florida, Department of Transportation v. Allen, 447 So.2d 1383 (Fla. 5th DCA 1984), billboards are personal property for which DOT does not have to pay compensation. The trial court held that Allen was predicated on language in section 479.24, Florida Statutes, as it existed prior to a 1984 amendment and therefore Allen was neither controlling nor persuasive. Kaschai argued that the value of his billboard must be determined by considering the contributive value of the billboard as an improvement of the entirety of the condemned property or the value of the billboard itself. DOT argued that the value of the billboard, if to be separately valued at all, should be based on the cost of reproduction less depreciation, citing Malone v. Division of Administration, State of Florida, Department of Transportation, 438 So.2d 857 (Fla. 3d DCA 1983), rev. denied, 450 So.2d 487 (Fla. 1984). The trial court held that the Federal Uniform Act applied in this case, and under it, the value of the billboard must be determined by considering its contributive value as an improvement to the condemned real property or the value of the billboard itself and compensation must be awarded by using the method, applying standard appraisal techniques, which provides the greatest compensation to Kaschai. The trial court further held that Florida law imposes no limitation on the Federal Uniform Act and that the Federal Uniform Act, specifically 42 U.S.C. § 4652, was enacted (1) to allow a tenant to collect compensation for removable structures on real property regardless of their status as a fixture and irrespective of the terms of the underlying lease; and (2) to fix the amount of compensation to be paid to the tenant. See United States v. 40.00 Acres of Land, More or Less, 427 F. Supp. 434 (W.D.Mo. 1976); City of Scottsdale v. Eller Outdoor Advertising Co. of Arizona, Inc., 119 Ariz. 86, 579 P.2d 590 (1978). The trial court further held that an outdoor sign or billboard is a structure within the meaning of 42 U.S.C. § 4652, citing City of Scottsdale, 579 P.2d at 596; United States v. 40.00 Acres of Land, 427 F. Supp. at 440; and Whitman v. State Highway Commission of Missouri, 400 F. Supp. 1050, 1070 (W.D.Mo. 1975).
Accordingly, the trial judge prohibited DOT from removing Kaschai's billboard until the DOT had prepared a good faith estimate of value based on the criteria in 42 U.S.C. § 4652, presented a Declaration of Taking as to said property, and caused to be had a hearing on an Order of Taking and had deposited a good faith estimate of the value of the billboard into the registry *185 of the court. The DOT appeals that order. We affirm.
AFFIRM.
W. SHARP and GRIFFIN, JJ., concur.