721 So.2d 795 (1998)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
Fitzhugh Knox POWELL and Naegele Outdoor Advertising of Jacksonville, Inc., Appellees.
No. 98-147
District Court of Appeal of Florida, First District.
December 11, 1998.
*796 Pamela S. Leslie, General Counsel; Marianne A. Trussell, Deputy General Counsel, Tallahassee, for Appellant.
W.O. Birchfield and Michael D. Whalen of Martin, Ade, Birchfield & Mickler, P.A., Jacksonville; and Gordon H. Harris, Tracy A. Marshall, and G. Robertson Dilg of Gray, Harris & Robinson, P.A., Orlando, for Appellees.
DAVIS, J.
Appellant, the Department of Transportation of the State of Florida (DOT), appeals a final judgment based upon a jury verdict rendered in favor of appellee, Naegele Outdoor Advertising, Inc. (Naegele). DOT contends that the trial court abused its discretion in holding separate trials in this eminent domain proceeding to determine the value of the landowner's property interest and the value of an outdoor advertising structure (hereinafter "billboard") owned by Naegele. DOT also argues that the trial court erred in allowing Naegele's expert to testify concerning his valuation of the billboard using the gross rent multiplier (GRM) method. We determine that the trial court erred in holding, as a matter of law, that the Federal Uniform Relocation Assistance and Real Property Acquisition Policies Act, as amended by the Uniform Relocation Act (URA), requires separate trials of the parties' interests. Nevertheless, we conclude that the trial court did not abuse its discretion in holding separate trials, and, because we find that the trial court did not err in allowing Naegele's expert's testimony challenged by DOT, we hold that there was no reversible error and affirm the final judgment.
In accordance with a road improvement project funded in part by the Federal Highway Administration, DOT sought to condemn several parcels of land located in Duval County in an eminent domain proceeding. Fitzhugh Knox Powell owns parcel 113 of the condemned lands, wetlands along I-295 near the Jacksonville airport. Naegele owns an interest in that parcel by virtue of its ownership of the billboard and its leasehold which is improved by the billboard. A Duval County ordinance now prohibits the erection of "off-premise signs" such as the billboard in question. The ordinance provides, however, that existing billboards are valid non-conforming uses, but once removed or destroyed, they cannot be replaced within Duval County. The parties agree that, absent the taking, the billboard would likely have remained at that location indefinitely. As a result of the taking and the county's ordinance, there is no replacement or substitute site available in Duval County.
DOT sought severance of parcel 113 for trial because the parcel had both fee and leasehold interests. Naegele moved to further sever the trial on the value of its property interest as improved with the billboard. Naegele argued that the URA applied and required the structure or improvement, i.e., its billboard, to be separately valued. It is undisputed that the URA, specifically 42 *797 U.S.C. § 4652,[1] applies to Naegele's billboard because the property upon which it is located is required for a federal (or federally-assisted) project. The trial court granted both motions, specifically finding that the URA "require[d] separate trials of these interests."
On appeal, DOT argues that the trial court's decision to hold two separate trials is in direct conflict with established eminent domain law, particularly the "unity rule" which requires a single award for the property and any structure located thereon. DOT claims that Naegele's interest is not independent of the landowner's claim, but rather is a direct and inseparable part of the total compensation, and that the URA does not require separate trials of the interests. Naegele responds that the trial court properly exercised its discretion when it severed the determination of the value of its billboard from the trial on full compensation due to the property owner for the taking of the underlying land. Naegele asserts that the URA rejects the unity rule and mandates independent valuation and payment for structures located on property taken.
We agree with Naegele that the unity rule[2] is abrogated by the application of the URA which requires the jury to consider the value of the building, structure, or improvement separate from the value of the underlying real property. We hold that the trial court correctly determined that it was not bound to follow the unity rule, that the URA requires a separate valuation for Naegele's structure or improvement (billboard), and that Naegele was entitled under the URA to be compensated for the taking of the billboard independently of any award for the parcel. See Department of Transp. v. Heathrow Land & Dev. Corp., 579 So.2d 183, 184 (Fla. 5th DCA) rev. denied, 591 So.2d 181 (Fla.1991) (affirming trial court's ruling that under the URA, billboard must be separately valued); see also United States v. 40.00 Acres of Land, 427 F.Supp. 434, 441 (W.D.Mo.1976)(construing 42 U.S.C. § 4652 as intending to remove the inequities produced by a strict application of the "unity rule"; stating that the "unity rule" in traditional eminent domain law "is no longer effective to limit the compensation with respect to tenant-owned structures").
Since the URA only requires a jury to separately consider the value of the billboard, we agree with DOT that the court erroneously held that two separate trials were "required." We disagree with DOT's contention, however, that an affirmance in this case will require separate trials in each billboard condemnation case. The separate valuation required under the URA could be accomplished by permitting the trier of fact, as a part of a special interrogatory verdict, to itemize the amounts to be awarded to the property owner and the billboard owner.
Nevertheless, in the context of the present case, the trial court's granting of Naegele's motion to sever did not amount to an abuse of discretion. A trial court has broad discretion under rule 1.270(b) to sever the claims or order separate trials in the interest of effective judicial administration. See Bernstein v. Dwork, 320 So.2d 472 (Fla. *798 3d DCA 1975)(citing Roberts v. Keystone Trucking Co., 259 So.2d 171 (Fla. 4th DCA 1972)); Fla.R.Civ.P. 1.270(b). We cannot say the trial court abused its discretion in granting the motion to sever.
The second issue before us concerns the valuation method used to determine "just compensation" under the URA. DOT argues that the trial court erred by allowing Naegele's expert to testify regarding his valuation of the billboard using a gross rent multiplier (GRM) because such a valuation method impermissibly allows for the recovery of business damages. Naegele argues that the trial court properly permitted their expert to value the billboard using both an income approach and a market approach based on a GRM, both of which resulted in approximately the same fair market value for Naegele's interest.
Although there are three recognized standard approaches to appraisal, i.e., income approach, market approach, and cost approach, the URA is not "wedded" to a particular valuation method. "Just compensation" under the URA is the greater of the increment of value the structure contributes to the land or the fair market value of the structure itself. See 42 U.S.C. § 4652(b)("For the purpose of determining the just compensation to be paid for any building, structure, or other improvement..., the fair market value which such building, structure, or improvement contributes to the fair market value of the real property to be acquired, or the fair market value of such building, structure, or improvement for removal from the real property, whichever is the greater, shall be paid to the tenant.") (emphasis supplied). The only other published opinion in Florida involving the application of the URA in a billboard condemnation proceeding affirmed a trial court's order holding that,
the value of the billboard must be determined by considering its contributive value as an improvement to the condemned real property or the value of the billboard itself and compensation must be awarded by using the method, applying standard appraisal techniques, which provides the greatest compensation to [the billboard owner].
Heathrow, 579 So.2d at 184 (emphasis supplied).[3]
Because the URA does not dictate any particular valuation method for the measure of just compensation, the trial court was correct in admitting Naegele's expert testimony on both income and market approach methods of valuation. See City of Scottsdale v. Eller Outdoor Adver. Co., 119 Ariz. 86, 579 P.2d 590, 598-599 (Ariz.Ct.App.1978); Vivid, Inc. v. Fiedler, 219 Wis.2d 765, 580 N.W.2d 644, 651 (Wis.1998); see also United States v. 3,698.63 Acres of Land, 416 F.2d 65, 67-68 (8th Cir.1969)("The weight to be given to factual and opinion evidence on fair market value is for the jury."). It was appropriate for the trial court to allow the parties to present expert testimony pursuant to the fair market values allowed by the URA: DOT's appraiser testified as to the contributive value of the billboard to the land (estimated at $60,400) while Naegele's appraiser testified as to the fair market value of the billboard itself (estimated at $86,640 based on the market approach or $84,542 based on the income approach). The jury properly determined the just compensation by selecting the greater of the contributive value or fair market value. The jury awarded Naegele $84,542, the exact amount estimated by Naegele's appraiser for the fair market value of the billboard based upon the income approach method.
We conclude that the URA does not require separate trials, but given the URA's requirement for separate valuation, we hold that the trial court did not abuse its discretion in severing the trials in this case. The admission of the appraiser's testimony regarding different methods of valuation was *799 proper. Accordingly, the final judgment is AFFIRMED.
BARFIELD, C.J., and WOLF, J., CONCUR.
NOTES
[1] The URA provides, in pertinent part, as follows: For the purpose of determining the just compensation to be paid for any building, structure, or other improvement ..., such building, structure, or other improvement shall be deemed to be a part of the real property to be acquired notwithstanding the right or obligation of a tenant, as against the owner of any other interest in the real property, to remove such building, structure, or improvement at the expiration of his term, and the fair market value which such building, structure, or improvement contributes to the fair market value of the real property to be acquired, or the fair market value of such building, structure, or improvement for removal from the real property, whichever is the greater, shall be paid to the tenant therefor.

42 U.S.C. § 4652(b)(1) (1997)(emphasis supplied).
[2] The "unity rule" applicable to eminent domain proceedings in Florida provides the general method for the valuation of property subject to a leasehold interest. In such cases, the jury determines the value of the property as a whole, irrespective of the various interests held therein. See Division of Admin. v. Allen, 447 So.2d 1383, 1386 (Fla. 5th DCA 1984) (citation omitted). An apportionment between the various interests and rights is made after the value has been fixed by the jury. See id.; see also National Adver. Co. v. Department of Transp., 611 So.2d 566 (Fla. 1st DCA 1992).
[3] This court has previously recognized that Heathrow applied the URA to a billboard's valuation and further noted that Heathrow was viewed as standing for the proposition that the "appraisal approach that maximizes the board's value is to be used, whichever method this may be." National Advertising, 611 So.2d at 570 (citing Florida Eminent Domain Practice and Procedure, 4th Ed., § 9.45 (May 1992 supplement)).