HARRIS, J.
This appeal prompts more interesting questions about what is not raised than about what is. Lumbert purchased property closed by Safetitle which issued a title insurance policy on behalf of Fidelity. There were title defects not picked up by Safetitle which were insured by Fidelity. Fidelity sued Lumbert for a declaratory judgment determining its liability under the policy. Lumbert counterclaimed against Fidelity on the policy and filed a third-party complaint against Safetitle for its breach of fiduciary duty in not disclosing the true state of the title and for its negligence in failing to discover the title defects. In each count in his action against Safetitle, Lumbert alleged that Safetitle was acting within “the course of its duties” as an agent of Fidelity. Lumbert then settled his action with Fidelity.
Lumbert brings this appeal because the trial court granted summary judgment against him and in favor of Safetitle on the basis that Safetitle had been improperly joined as a third-party defendant because Lumbert was seeking neither indemnification, subrogation, nor contribution against Safetitle. Although Lumbert agrees that the joinder of Safetitle as a third-party defendant was improper, he urges that severance and not a summary judgment was the correct remedy. Although we are not sure what action Lumbert has remaining against the agent after settling with the principal, we agree that the summary judgment was in error. See Travelers Express, Inc. v. Acosta, 397 So.2d 733 (Fla. 3d DCA 1981).
REVERSED and REMANDED.
GOSHORN and ANTOON, JJ., concur.