CORTINAS, J.
 

 This is an appeal from a non-final order returning to the appellees specified sums of their deposit in excess of fifteen percent of the purchase price. We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii). St. Tropez, LLC (the “Developer”) entered into fifteen separate contracts on varying dates for the purchase and sale of fifteen different pre-construction condominium units with the appellees (the “Purchasers”). When the Developer allegedly failed to complete construction of the condominium in accordance with the contracts, the Purchasers filed a single lawsuit against the Developer, seeking damages and a return of the deposits paid. While the lawsuit was pending, and before the Developer had the opportunity to file an answer and affirmative defenses, the Purchasers filed a motion to return deposit payments in excess of 15% of the purchase price (the “Deposit Motion”). The trial court granted the Deposit Motion and ordered the Developer to refund specified sums that were in excess of 15% of the purchase price to each of the Purchasers. Because there remains a genuine issue of material fact, and we find the Purchasers were procedurally prohibited from obtaining a joint judgment, we reverse and remand for further proceedings.
 

 Although the Deposit Motion was not captioned as such, it essentially operated as a motion for partial summary judgment on Count XIV of the complaint, which sought declaratory relief on behalf of the fifteen Purchasers and “demandfed] judgment for damages in the amount of [the Purchasers’] deposits in excess of 15% of the purchase price.”
 
 See TRG-Brickell Point NE, Ltd. v. Wajsblat,
 
 34 So.3d 53 (Fla. 3d DCA 2010). However, we note the contract language in this case provides additional damages to Seller not found in the contract in
 
 TRG-Brickell.
 
 The agreement signed by each purchaser in this case reads as follows:
 

 If Purchaser defaults after fifteen percent (15%) of the Purchase Price (exclusive of interest) has been paid, Seller will refund to the Purchaser any amount which remains from the payments Purchaser actually made, after subtracting fifteen percent (15%) of the Purchase Price, exclusive of interest, or the amount of Seller’s actual damages, whichever is greater.
 

 (emphasis added). Unlike the purchasers in
 
 TRG-Brickell,
 
 who admitted they were in breach of the purchase agreement, there still remains an issue of fact regarding who breached the purchase agreement in this case. Thus, based upon the plain language of each agreement, the amount due each purchaser, if any, cannot be fully calculated until the determination of who breached the agreement occurs.
 
 [1]
 
 Moreover, given that the Developer had not yet served its answer to the complaint or asserted any affirmative defenses, the Purchasers’ “burden to show the absence of any genuine issue of material fact was extremely high [and] ... it was incumbent upon them to establish that no answer that [the Developer] could properly serve or affirmative defense it might raise could present such an
 
 *42
 
 issue.”
 
 W. Fla. Cmty. Builders v. Mitchell,
 
 528 So.2d 979, 980 (Fla.1988);
 
 Beach Higher Power Corp. v. Granados,
 
 717 So.2d 563, 565 (Fla. 3d DCA 1998) (“The burden for such a movant ... is extremely heavy in that ‘the movant must demonstrate conclusively and to a certainty from the record that the defendant cannot plead or otherwise raise a genuine issue of material fact.’ ”) (quoting
 
 Hodkin v. Ledbetter,
 
 487 So.2d 1214, 1217 (Fla. 4th DCA 1986)).
 

 Finally, in the interest of efficiency, we agree with the Developer’s contention that the Purchasers were improperly joined in this suit, and thereby provide further support in reversing the order on the Deposit Motion. The underlying lawsuit contains multiple counts, some of which apply only to specific Purchasers. For example, Count V seeks rescission for violation of the New Jersey Full Disclosure Act and applies only to Purchasers Jorge E. Arbelaez and Ida Umanskaya. Similarly, Count VII alleges a violation of the Martin Act, N.Y. General Business Law §§ 352-53, and applies only to Purchasers who were New York residents. Count II of the complaint alleges that “the Developer modified the rotation and/or orientation of the building” and as a result, “some [Purchasers] purchased units believing they would have ocean views but no longer have views of the same, thus constituting a material and adverse change.” (emphasis added). Count II further alleges that certain Purchasers signed contracts to purchase specific unit model types, but according to the condominium prospectus, were actually placed in different unit model types, while other Purchasers were moved from one floor to another. Given the separate and independent causes of action set forth in the complaint the Purchasers could not properly obtain a joint judgment.
 
 See Tamiami Trail Tours, Inc. v. Cotton,
 
 463 So.2d 1126, 1128 (Fla.1985). Although the Developer insists dismissal is required, “the law is clear, however, that misjoinder of parties is not a ground for dismissal.”
 
 Alanco v. Bystrom,
 
 544 So.2d 217, 218 (Fla. 3d DCA 1989). Rather, in such cases, when a determination of misjoinder has been made, the trial court may sever the claims or order separate trials.
 
 See
 
 Fla. R. Civ. P. 1.250(a);
 
 Alanco,
 
 544 So.2d at 218.
 

 We, therefore, hold that the Purchasers failed to satisfy the heavy burden of showing the absence of any genuine issues of material fact to be awarded summary judgment. Moreover, the fifteen different Purchasers cannot pursue their individual claims within this single count.
 
 [2]
 
 Accordingly, we reverse the order on appeal and remand for further proceedings.
 

 Reversed and remanded.
 

 [1]
 

 . The Purchasers argue the contract language providing for the reduction of the deposit by the amount of the Seller's actual damages should be stricken as illegal. The Purchasers argued that the contract cannot provide for both liquidated and actual damages or that the contract violates the Department of Housing and Urban Development (HUD) regulation stating a liquidated damages clause cannot exceed fifteen percent of the purchase price. Neither argument is accurate.
 
 See
 
 24 C.F.R. § 1715.4(a).
 

 [2]
 

 . However, upon severance, die Purchasers are not precluded from moving for consolidation, if applicable under Florida Rule of Civil Procedure 1.270(a) (“When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions.”).