SUAREZ, Senior Judge.
Appellant John Hughes, as receiver of Flicker Construction, Inc., appeals from the trial court's August 23, 2016 order granting his motion for clarification. For the reasons stated below we find the order on appeal is not an appealable final order and therefore we dismiss for lack of jurisdiction.
In September 2015, Hughes, as receiver of and on behalf of Flicker Construction, sued both Roman Flicker, who had been the sole director of Flicker Construction, and Appellee Mid-Continental Casualty Company ("MCC"), Flicker Construction's liability insurer, for failure to protect Flicker Construction from a tort judgment. The issues raised in this appeal of the trial court's August 23, 2016 order actually stem from the trial court's May 26, 2016 order granting MCC's motion to sever Hughes's indemnification claim against MCC from Hughes's tort claims against Roman Flicker pursuant to Florida's Non-Joinder Statute, section 627.4136, Florida Statutes. Hughes petitioned this Court for certiorari review of the trial court's May 26 order granting severance. This Court denied Hughes's petition on August 11, 2016. Hughes v. Mid-Continent Cas. Co., 210 So.3d 1291 (Fla. 3d DCA 2016).
On June 30, 2016, the trial court entered an order directing Hughes to pay a filing fee in order to obtain a new case number for the severed indemnification claim against MCC. Once again, Hughes sought certiorari review in this Court of the trial court's order. This Court dismissed Hughes's second petition on September 27, 2016 and on Nov. 21, 2016 denied his Motion for Rehearing of Dismissal and Motion to Reinstate Petition for Certiorari. Hughes v. Mid-Continent Cas. Co., 229 So.3d 346 (Fla. 3d DCA 2016).
According to Hughes, while his Petition for Certiorari of the June 30 trial court's filing fee order was still pending in this Court, he paid the filing fee, but the clerk never assigned a new case number. Hughes then filed a motion to clarify in the trial court requesting guidance as to what additional steps must be taken to obtain a new case number. On August 23, 2016, the trial court granted Hughes's motion for clarification, and entered the following order:
Plaintiff shall electronically file the complaint fee with the court and attach the original complaint with the fee within 48 hours. The complaint's original case number shall be omitted so that the clerk can assign a new case number. The new case number shall apply only to the severed count IV which was severed by this court. The original case number *1055 shall only apply to the liability aspect of the case.
Hughes now appeals the trial court's August 23, 2016 order granting his motion for clarification.[1] Hughes argues that the August 23 order on appeal is a final appealable order because it dismisses one count of his complaint based on misjoinder without prejudice to refile a separate action. We disagree.
Hughes relies primarily on Alanco v. Bystrom, 544 So.2d 217 (Fla. 3d DCA 1989). In Alanco, the trial court found that 176 plaintiffs had been misjoined in a single complaint and ordered the plaintiffs to pay a separate filing fee and obtain a separate case number for each of the 176 plaintiffs. Id. This Court determined that the trial court's order was a de facto dismissal on grounds of misjoinder and thus reviewable as an appeal from a final order. Id.
Here, however, the trial court's order on appeal is merely a clarification of the prior May 26, 2016 and June 30, 2016 orders. The trial court, in those two orders, had already ordered that Hughes's claim against MCC be severed and that Hughes pay a separate filing fee. Moreover, Hughes already sought certiorari review in this Court of both the May 26, 2016 severance order and the June 30, 2016 filing fee order. The order here on appeal is simply not reviewable under Alanco. Because the order is not an appealable final order, we must dismiss for lack of jurisdiction.
Dismissed.

MCC removed this case to federal court on the same day Hughes filed his notice of appeal. The case was remanded back to state court in August 2017.