# DECISIONS

OF THE

# SUPREME COURT OF FLORIDA.

## JANUARY TERM, A. D. 1897.

JACOB HUFF, APPELLANT, VS. CITY OF JACKSONVILLE, APPELLEE.

1. Under the ordinance of the city of Jacksonville passed September 30th, 1889, owners of lots, within the city limits, fronting on or abutting upon Main street between the St. Johns river and Orange street, were required to construct, repair or otherwise have in thorough repair, within sixty days after the approval and publication of the ordinance, and thereafter keep and have in thorough repair, a good and sufficient sidewalk or foot pavement of stone, hard brick, or artificial stone, laid smooth not less than eight feet in width, and upon the failure of a lot owner to construct or maintain such sidewalk or foot pavement, within the time mentioned, the city had the right, without notice, to construct the sidewalk or foot pavement, and charge the cost of construction to the lot owner.

2. By the seventh section of the ordinance of the city of Jacksonville, passed September 30th, 1889, the cost of constructing sidewalks or foot pavements by the city, upon the failure of the lot owner to construct and maintain the same, as provided in the ordinance, is made a lien upon the lot or lots along which such sidewalks or pavements are constructed or repaired, and such amount may be enforced in a court of equity.

Appeal from the Circuit Court for Duval county.

### STATEMENT.

On the 30th of September, 1889, the city of Jacksonville passed an ordinance, the first, second, fifth, sixth and seventh sections of which are as follows:

SECTION 1. The owner or owners of every lot, piece or parcel of land within the corporate limits of the city of Jacksonville, which may front on or abut upon any street or lane, whether the same be owned in fee simple or held under any other title, shall be bound and is hereby required to construct, repair, or otherwise have in thorough repair, within sixty days after the approval and publication of this ordinance; and thereafter to keep and have in thorough repair, a good and sufficient sidewalk or foot pavement constructed in the manner, to the width, and of the materials hereinafter mentioned and described as specifications for the respective localities, along the whole length and depth of said lot, piece or parcel of land as the same fronts or abuts on the street or lane. Said sidewalk shall conform to the grade as established by the city engineer, who shall furnish, stake and mark, free of charge, the grade therefor when requested so to do by any person desiring to conform a sidewalk to the proper grade.

SEC. 2. Said sidewalks or foot pavements shall be constructed in the manner, to the width, and of the materials following: On Bay street, between Bridge and Liberty streets, sidewalks shall be of stone, laid smooth, not less than ten feet in width. On Forsyth street, from Julia to Market streets, and on Julia, Hogan, Laura, Ocean, Newnan and Market streets from the river to Forsyth street, and on Main street

from the river to Orange street, the sidewalks shall be of stone, hard brick or artificial stone, laid smooth, not less than eight (8) feet in width. On all streets within the limits fixed for special taxation for water-works and fire protection, except as above already specified, the sidewalks shall be of stone, hard brick, artificial stone or pine plank, laid smooth, not less than six (6) feet in width. On all streets and lanes within the city limits, but without the limits fixed for special taxation for waterworks and fire protection, the sidewalks shall be of stone, hard brick, artificial stone or pine boards, not less than four (4) feet in width. All sidewalks which are made of pine plank, shall be of pine plank not less than one and one-half (1½) inches thick, and not more than eight (8) inches in width, laid on cross pieces not less than 4x4, and not more than four (4) feet apart, well nailed, the planks to run lengthwise. All sidewalks must be laid with a fall toward the middle of the street of four inches in ten feet.

SEC. 5. The owner or owners of any lot, piece or parcel of land within the corporate limits of the city of Jacksonville which may front or abut upon any street or lane, whether the same be held in fee simple, or be held under any other title, shall be bound, and is hereby required, after sixty days from the publication of this ordinance, to keep and always have and maintain in thorough repair a good and sufficient sidewalk or foot pavement, constructed as required by the provisions of the foregoing sections of this ordinance, and such owner or owners shall comply with an order of the board of public works so to do within ten days after notice thereof shall have been posted on said lands, or the owner thereof otherwise notified. This

section shall not be construed so as to require any notice, other than the publication of this ordinance, of or under the provisions of the preceding sections.

Sec. 6. The owner or agent of any land within the corporate limits of the city of Jacksonville shall, within twenty-four hours after being notified by the board of public works, the city marshal, or any member of the police force, remove or repair any sidewalks, fence, or other structure in any street or lane abutting on or upon said land, which may be considered dangerous or detrimental to the citizens. Any sidewalk or foot pavement repaired or removed under the provisions of this section may be required by the board of public works to be repaired or replaced so as to comply with the provisions of sections 1 and 2 of this ordinance within ten days after notice thereof shall have been posted on said lands, or the owner thereof otherwise notified.

Sec. 7. If the owner or owners of any lot or lots of land within the limits of the city of Jacksonville shall fail to comply with any of the provisions of this ordinance within the times prescribed thereby, the board of public works may contract for the construction or repair of such sidewalks or pavements, and the amount contracted to be paid for the same by the city shall be a lien upon said lot or lots along which such sidewalks or pavements are constructed or repaired, and such amount may be assessed as a special tax against the lot or lots adjoining which such sidewalk or foot pavement shall be constructed or repaired, or the same may be enforced by suit at law, or in equity, or the said amount may be recovered against said owner or owners by suit before any court of competent jurisdiction.

The third and fourth sections of the ordinance relate to an extension of time, under certain circumstances, in which to comply with the provisions of the ordinance, not necessary in this case to be stated.

The bill filed by the city against appellant alleges that he was owner of lot 4, block 23, in the city of Jacksonville, and which fronts and abuts on Main street, between the St. Johns river and Orange street, and that further time than the sixty days allowed by the ordinance had not been granted by the board of public works in which to comply with the provisions thereof. That appellant failed to have, keep and maintain in repair a good and sufficient sidewalk or foot pavement, as required by said ordinance, and an order of the board of public works of the city so to do was duly made, and notice thereof was duly served upon appellant by verbal notice communicated to him by the city engineer on the 16th of March, 1890, and also, on the same date, by mailing to him postpaid, and addressed to him at his address in said city, a notice, a copy of which was attached to the bill as an exhibit. That A. E. Huff, named in the notice, was the wife of appellant, and that he failed to comply with the said order of the board of public works within ten days after notice had been served upon him. That appellant having failed to comply with the provisions of said ordinance within the time prescribed thereby, and having failed to comply with the said order of the board of public works, as aforesaid, the said board contracted for the construction of, and caused to be constructed, a sidewalk or foot pavement along the whole length of said lot as the same fronts and abuts on Main street, for the sum of $67.25, which amount the city of Jacksonville had paid, and a lien

for the amount was claimed on said lot. It is alleged that the sidewalk constructed was of the material and in the manner prescribed by the ordinance.

A general demurrer for want of equity was filed by appellant and overruled by the court.

The answer filed admits that appellant was the owner of the lot described in the bill, and it is alleged that he occupied the premises on said lot with his family as a homestead under the Constitution and laws of the State of Florida, and that there was a good and sufficient sidewalk running along the full width of the same at the time of the passage of said ordinance, and up to the date or time when the city caused the same to be torn up and removed, and that he did not need any further time to comply with the provisions of said ordinance. The further pertinent parts of the answer may be condensed into a statement of a denial of the allegations of the bill as to a failure on the part of the appellant to have and maintain a sidewalk as required by said ordinance in front of his lot on Main street, and as to the notice of the order of the board of public works alleged to have been served on him.

On the proofs the chancellor decreed in favor of the city that the cost of the construction of the sidewalk was a lien on appellant's lot, and he appealed.

The other facts in the case are stated in the opinion of the court.

*M. C. Jordan*, for Appellant.

*Stephen E. Foster*, for Appellee.

MABRY, J.:

Counsel for appellant makes no contention here that the city of Jacksonville had no power under its constituent act of 1887, chapter 3775 laws of Florida, to pass the ordinance of 1889, the one under which the lien is asserted in this case, nor is it insisted here that the ordinance is invalid for any reason. It is admitted in the proof that the city passed the ordinance and duly published it, and the bill was filed in 1891 after the time for the publication of the ordinance had expired. We assume, as counsel has done here, that the ordinance is valid, and after an examination of the case have come to the conclusion that the decree appealed from is correct. No attention should be paid to the allegation in the answer of appellant, that he occupied the premises on the lot with his family as a homestead under the Constitution and laws of this State. The Constitution does not secure the homestead exemptions from sale for taxes or assessments, and if it did, there is no proof in the record that appellant was the head of a family residing on the lot in question.

The allegations of the bill place the sidewalk constructed by the city, and for the cost of which a lien is claimed, in front of lot 4, block 23, on Main street, between the St. Johns river and Orange street, and this is admitted by the answer. Under the requirements and specifications of section 2 of the ordinance the sidewalks on Main street, from the river to Orange street, must be of stone, hard brick, or artificial stone, laid smooth, not less than eight feet in width. The testimony clearly shows that appellant did not comply with this provision of the ordinance within the

time thereby required—within sixty days after its approval and publication—as he never pretended to have or maintain on the street mentioned a sidewalk of stone, hard brick, or artificial stone. His testimony shows that he had a plank sidewalk, which, of course, did not meet the requirement of the ordinance. Under the structure of the bill and proofs we need not consider the question of the sufficiency of the notice given by the board of public works, as the appellant did not construct, have or maintain, within the time required by the ordinance, such a sidewalk, on the street mentioned, as he was required to have, and under the provisions of the ordinance the city had the right, without any notice at all, to construct the sidewalk, upon the failure of appellant to do so within the sixty days after the approval and publication of the ordinance. The ordinance gives the city a lien for the cost of the construction of the sidewalk, and the proof shows that it was constructed, after the time mentioned, in compliance with the ordinance under a contract by the board of public works, and was paid for by the city.

An order will be entered affirming the decree.