WILLIAM BOSTWICK, JR., *Appellant,* v. CITY OF SOUTH JACKSONVILLE, A MUNICIPAL CORPORATION, *Appellee.*

Opinion filed June 9, 1919.

Petition for Rehearing denied June 23, 1919.

TAXATION—LIEN FOR TAXES IS FOUNDED ON THE AS-
    SESSMENT ROLL FOR TAXATION—WHERE THERE IS
    PROPER ASSESSMENT FOR TAXATION THERE IS
                    NO LIEN.

The lien for taxes under the special Act of the Legislatue ap-
    plicable to the City of South Jacksonville, Duval County,
    that said city is authorized by said Act to enforce by bill in
    equity for foreclosure, is founded upon and dependent upon
    the proper assessment of the land taxed by its proper de-
    scription. Where the bill for foreclosure of an allegad lien
    for taxes brought under said Act, claims the lien upon divers
    lots of land by their true full and accurate description, and
    this description is materially variant from the description

given on the assessment rolls of said city, such variance is fatal to the lien for taxes claimed, and a demurrer to such bill should be sustained.

An Appeal from the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Order reversed.

*J. E. Mathews* and *Lake Jones,* for Appellant;

*Edgar W. Waybright,* for Appellee.

TAYLOR, J.—By special enactment of the Legislature the City of South Jacksonville, in Duval County, was given a lien upon property therein for all taxes properly and legally assessed thereon, which lien it was given authority to enforce by bill in equity for foreclosure. The municipality filed its bill in the Circuit Court of Duval County against the appellant to foreclose an alleged lien upon several lots of land in said city for the taxes assessed thereon for several years. The appellant demurred to the bill upon the ground, among others, that the bill upon its face showed that the description of the lots as given upon the tax assessment rolls, differed and varied materially from the true description of the lots upon which the lien was claimed in said bill by virtue of such assessments, and that, therefore, the said city acquired no lien upon said lots by their true, correct and complete description. This demurrer the court below overruled, and from this ruling the defendant below appeals to this court. The court below erred in this ruling.

The variance between the description of the lots upon which the lien was claimed in the bill, and the descrip-

tion as given on the tax assessment roll we think was so material as to show that the city had acquired no lien for taxes by virtue of such assessment upon the lots by their true and complete description, and that, therefore, the defendant's demurrer to said bill should have been sustained .

The order of the court below appealed from herein is hereby reversed at the cost of the appellee.

BROWNE, C. J., AND ELLIS, J., concur.

WHITFIELD AND WEST, JJ., dissent.