JOHN MILTON, JR., et al., *Appellants,* vs. CITY OF MARIANNA, *Appellee.*

144 So. 400.

252

Opinion filed November 16, 1932.

*John H. Carter* and *John H. Carter, Jr.,* Solicitors for Appellants;

*Carter & Pierce,* Solicitors for Appellee.

ANDREWS, Commissioner.—This cause is here upon appeal from the Circuit Court of Jackson County from an interlocutory order overruling a demurrer to the bill of complaint which seeks to foreclose certain tax liens of the City of Marianna.

The bill was filed pursuant to the provisions of Chap-- ter 14209 Special Acts of 1929 which authorized fore-

closure in one bill upon separate parcels of land owned by different persons. The foreclosure is against five separate parcels of land and names the respective owners as defendants.

The owners of one of the parcels of land filed a demurrer to the bill and set up as grounds (among others) that the bill is multifarious, and that it shows upon its face that it is founded upon a special legislative act, purely local in its application, which attempts to confer special jurisdiction upon the Circuit Court of Jackson County and thus undertakes to "regulate the practice of the courts of justice" by special law in violation of Section 20, of Article III of the Constitution of Florida. It was from an order overruling the demurrer that appeal was taken.

Appellants assigned only one error, namely: "The court erred in overruling the demurrer of said defendants to the bill of complaint," and our deliberations will be confined only to the questions raised by the demurrer.

It is first contended under the above assignment that the act under which the bill to foreclose was brought is unconstitutional in that it undertakes to "regulate the practice of courts of justice" by conferring upon the "Circuit Court of Jackson County" special jurisdiction to foreclose *in one suit* separate tax liens of the City of Marianna upon several parcels of property owned by different persons.

It is suggested that the act in question was passed under the authority of Section 8 of Article VIII of the Constitution of Florida which places exclusive power in the Legislature to provide for the government and powers of municipalities.

This act not only undertakes to provide a foreclosure method for enforcing city tax liens, in place of ordinary tax sale methods, but to include *in one suit* more than

one parcel of real estate. In exercising the powers expressly conferred by Section 8 of Article VIII the Legislature must not violate any other provisions of the Constitution. State v. Johns, 92 Fla. 187, 109 So. 228.

This court will take judicial notice of the fact that for many years the circuit courts of the state have recognized and enforced the provisions of special laws authorizing named municipalities in their respective circuits to foreclose its delinquent tax liens in equity. See City of Orlando v. Giles, 51 Fla. 422, 40 So. 834, Huff v. City of Jacksonville, 39 Fla. 1, 21 So. 776; Parker vs. City of Jacksonville, 37 Fla. 342, 20 So. 538; see also League v. Texas, 184 N. S. 156, 40 L. Ed. 478.

It was held in the recent case of Jackson v. White Springs, Fla., 138 So. 629, that where a bill of complaint to foreclose city tax liens, after alleging ultimate facts, attaches copy of assessments roll and make same a part thereof, that it sufficiently stated a cause of action for foreclosure. In the instant case a copy of such assessments for each parcel bearing the name of the owner, is attached to the bill.

The provisions of the act conferring jurisdiction upon the "Circuit Court of Jackson County" to foreclose city tax liens of the City of Marianna, do not violate Section 20, Article III of the Constitution. It confers no more power or jurisdiction upon that court than it already had without such provisions. Municipal tax liens may be foreclosed in equity in the circuit court of the county where located without such statutory authority. In the recent case of First Trust and Savings Bank v. West Lake Investment Company, 105 Fla. 590, 141 So. 894, it was held that foreclosure of tax certificates is within the constitutional provision giving circuit courts original jurisdiction of "such other matters as the legislature may provide" and constitutes "cases in equity." Section 11

Article V. In fact, this separable portion of the act if not valid, may be excluded and the remaining valid portions enforced. Town of Boynton v. State, 103 Fla. 1113, 138 So. 639; South Florida Trust Company vs. Miami Coliseum Corp., 101 Fla. 1351, 133 So. 334.

It likewise follows that if the Circuit Court of Jackson County did have chancery jurisdiction of the subject-matter and the parties, that in case of the disqualification of the presiding judge by reason of being related to the owners of one of the parcels of land within the statutory prohibitive decree, that the jurisdiction for some other circuit judge to entertain the suit is conferred by statute by producing a proper certificate to that effect to another circuit judge, which in this case seems to have been done. Section 4348 (2681) C. G. L. 1927.

As to whether the City of Marianna under this statute may *in one suit* foreclose against separate parcels of land owned by different taxpayers, it seems that similar authority has been conferred by similar special acts of the legislature and has been, at least by implication, recognized in this state. Bostwick vs. South Jacksonville, 77 Fla. 860, 82 So. 235; Parker v. City of Jacksonville, 37 Fla. 342, 20 So. 538. In these cases the issues, however, turned upon another point as to the sufficiency of the descriptions of some of the pieces of property upon which the tax lien was being foreclosed. It does not appear that the exact point presented has been in terms ruled upon by this court.

The joinder of parties in equity is largely a matter of discretion of the court and therefore the misjoinder of parties in such suits cannot always be detected with definiteness. The general rule in equity as to parties defendant is that if the interest of those present and those absent are inseparable the case must fail, but if the interest of the parties present are separable and the decree

may be made without affecting the interest of those not present the case may be decided on its merits as between those who are regularly before the court. 20 R. C. L. 703, Section 44. See also Johnson v. Benbow, 93 Fla. 124, 111 So. 504; Mountein v. King, 75 Fla. 12, 77 So. 630.

In this connection it will be observed that Section 15 of the General Acts of 1929 (chapter 14572) provides that in the foreclosure of state and county taxes that as many certificates may be included in one suit as the complainant desires and as many defendants as may be necessary; and Section 30-A provides that the court may at any time order the separation of any suit involving two or more certificates if the ends of justice shall seem to require it. This of course may be done even at the trial. There is no reason why the same could not be done in the instant case, for a court of chancery always retains that power.

The cases furnish no definite rule by which to determine with precision in every instance when defendants with "distinct and unconnected interest" may be sued jointly in equity without making the bill multifarious. It is stated in Ruling Case Law that it has been found practicable to formulate certain rules, an example of which may be seen in one laid down by Lord Redesdale, which has received approval in this country, that "Where there is a general right claimed by the bill, and covering the whole case, it will not be regarded as multifarious, though the defendants have separate and distinct rights." It is further stated that the court will in such cases pursue the course which seems most likely to enable it to do complete equity in the particular case with the least expense, delay and trouble, striving to obviate the necessity of a multiplicity of suits. 20 R. C. L. 679-680, Section 18; 20 R. C. L. 703-704, Section 44, 21 C. J. 423, Section 446.

The statutory power to join defendants in the same suit where the complainant claims relief against them severally is not confined to cases in which the causes of action alleged against several defendants are identical, but extend to cases where the subject-matter of the complaint as against the several defendants is substantially the same, and the respective rights of all the defendants depend substantially upon the decision of the same questions of law and facts, although the interest of each defendant is a separable and distinct, rather than a joint or mutual interest. 47 C. J. 76, Section 155; 21 C. J. 423; Dean v. Wilcoxon, 25 Fla. 980, 7 So. 163.

This court has recently held that "where the controversies involved can be determined in one suit as well as in several suits and such procedure does not interfere with the proper administration of justice, an objection for multifariousness may be properly overruled, for only a person who is prejudiced thereby may complain." Florida East Coast Ry. Co. v. Eno, 99 Fla. 887, 128 So. 622; Taylor v. Taylor, 100 Fla. 1110, 130 So. 713.

The procedure adopted in the instant case is not subject to the objection that it interferes with a proper administration of justice or prejudices the rights of appellants.

Appellant also contends that there is an adequate and efficient remedy long used in this state for enforcing the payment of delinquent city taxes by advertising and public sales without resorting to equity with its added court costs and attorney fees; that it was the fear of unpopularity also a desire to avoid responsibilities that city officials are undertaking to place the enforcement of delinquent city taxes upon the chancery courts.

This point as to the foreclosure method appears to be substantially answered in the rather recent case of Ridgeway v. Reese, 100 Fla. 1304, 131 So. 136, as follows: "A

property owner is not injured by and cannot justly or legally resist statutory methods of enforcing tax liens by foreclosure proceeding when due process is afforded and a reasonable opportunity is given to redeem before or during the enforcement suits." While it is true the above act has application to state and county taxes and is accumulative remedy we can see no reason for saying that because the special act here in question is not cumulative that there would be any material difference whether the foreclosure is based upon a state tax deed as in the above case, or a city tax certificate as in the instant case, the period of redemption in both cases being adequate and the procedure substantially the same.

The general rule is that where there is a legal remedy available (as in a tax sale and ejectment for possession) but which would afford only partial relief to the plaintiff's entire rights, such remedy is incomplete and inadequate, and for that reason equity may be invoked. 21 C. J. 54, Section 32. In fact where a lien is created by statute, and no adequate or exclusive remedy is provided for enforcing it, resort to a court of equity may generally be had. 21 C. J. 118, Section 96; 10 R. C. L. 273, Sec. 17.

The Legislature has by affirmative act shown that it considers the tax sales method, long in use in this state, to be ineffective to enforce the payment of taxes; for, as a matter of common knowledge, the purchaser at such a sale often finds that a mere formal tax certificate or tax deed was all that he had for his money and trouble so long as the title owner remained in possession of the property covered by it. If the owner declines to redeem, the purchaser has for all practical purposes "bought a law suit," for he may be compelled to test his rights by ejectment which under the rule obtaining in such suits places the burden upon the plaintiff to establish his claim upon the *strength of his tax* title and not

upon the weakness of that of the owner in *possession* who has the advantage of the coveted "nine points in the law." The result has been that it is very seldom that one purchases a tax certificate on a homestead because of the risk as a safe investment or of ever obtaining possession of the property in case the certificate is never redeemed. Therefore a large per cent of the delinquent tax rolls covering valuable properties have as a matter of common knowledge gone to the state or city because of the lack of individual bidders. As a result such real estate may thereafter escape taxation entirely while other taxpayers, by reason thereof, must bear a proportionate increase of the tax burdens. The real intent and purpose of the tax foreclosure method is to provide a more effective method of forcing each parcel of land to pay its proportionate share of the taxes, and not that anyone may profit thereby; and when the established rules of equity are complied with there is no reason to say that the foreclosure in one suit of more than one parcel of real estate violates the due process of law, or is forbidden by Section 20 of Article III of the Constitution of Florida.

In addition to the above, where foreclosure is resorted to the result is to foreclose not only the tax lien but the adverse interest of all parties defendant of all claims of title or right of redemption, in the property involved. Tax Securities Corp. v. Borland, 103 Fla. 63, 137 So. 151. Thus it results in a more effective method of inducing the payment of taxes by the very person who should pay them by increasing the probability of loss of the property if the owner declines to pay them.

Whether such foreclosure system results in greater inconvenience and hardships to the owners in some instances not experienced under the sales system is a matter of legislative discretion and not a judicial construction. The

courts are only empowered to construe and apply valid enactments, not to change them.

We therefore hold that the Legislature may by special act confer upon any municipality in this state an effective method of enforcing the payment of taxes and as a means of securing its effective enforcement may provide for the foreclosure in equity of its tax liens in the circuit court of the county where located, and (a) that under the general rules in equity, or (b) by special act, the circuit court may entertain a bill foreclosing *in one suit* more than one parcel of land owned by different persons where the rights of each taxpayer so joined are not in fact prejudiced thereby.

The order of the trial court overruling the demurrer to the bill is sustained and affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered and ordered by the Court that the order of the trial court overruling the demurrer to the bill be and the same is hereby affirmed.

BUFORD, C.J., AND WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.

ELLIS, J., dissents.

ELLIS, J. (Dissenting).—Chapter 14209 Acts 1929, affecting only the City of Marianna and the property of citizens against which city taxes have been assessed and levied for the years 1924, 1925, 1926 and 1927, and which after the passage of the act may be assessed and levied and where such taxes have not or may not be paid and remain due and delinquent to the city, became a law June, 1929.

Under the provisions of the act the Tax Collector of the City may, after the 1st of October of any year, make and deliver to an attorney at law, designated by the City

Council, a copy of all tax assessments and taxes upon real and personal property remaining unpaid as shown by the assessment roll for the years named, and thereafter the collection of such taxes is required to be made by the attorney so designated to whom the list has been delivered.

Section 7 of the Act purports to empower the City of Marianna to institute and prosecute suit or suits in chancery in the Circuit Court of Jackson County "for the purpose of foreclosing and enforcing the lien or liens declared in the preceding sections, against the owner or owners, and against the property or properties, against and upon which there have been assessed taxes, and the taxes thereon are past due, delinquent and unpaid."

Section 13 purports to vest jurisdiction in the Circuit Court for Jackson County "for the foreclosure and enforcement of the taxes and liens specified" in the Act.

The bill in this case was exhibited against several known persons residents of different States and different counties of the State owning different pieces of real property upon which the taxes for the years 1924-1928 are past due and unpaid.

There is no provision in the Act expressly or by implication, as I read it, which vests in the Circuit Court the power to entertain such a multifarious bill. There was a demurrer to the bill on the ground that it was multifarious and the demurrer was overruled. If the bill in this case may be entertained then a bill including all persons, known and unknown, owning severally all the real property and personal property in the city against which taxes for the years 1924 to 1928 and subsequent years were assessed and which remain due and unpaid may be maintained and the court in one decree or as many decrees as may be necessary proceed to adjudicate the different although perhaps not conflicting interests of the various parties to their several parcels of

land. Thus the entire tax list may be settled and closed out in one proceeding.

The power thus attempted to be conferred upon the Court is not a power conferred upon the municipality. The act deals with the Circuit Court of Jackson County and attempts by special legislation, if indeed such purpose may be read into the act, to regulate the practice in that court in such cases. In any other court of chancery such a bill would under chancery practice be deemed to be multifarious, but by the construction placed upon the act by the majority opinion the bill may not be deemed to be multifarious because the act changes the practice in the Circuit Court for Jackson County in such cases.

In my view of the case no such power is attempted to be conferred upon the Circuit Court. The act has been misinterpreted in the particular case in assuming that such power was attempted to be conferred. There was no necessity for the presence of Section 13 of the Act as the Court under its general powers may entertain jurisdiction to enforce liens of the nature described in the act although it may not under the general practice obtaining in such courts enforce all the liens that may exist of such nature in one suit against all property owned by different persons in no wise connected by interests in the subject-matter.

I therefore think the demurrer to the bill should have been sustained, the order should be reversed and the bill dismissed.