ORFINGER, Judge.
In this interlocutory appeal,[1] appellant has failed to demonstrate an abuse of discretion by the trial judge in declining to strike parties as improperly joined, or in declining to dismiss counts for misjoinder. Bonded Rental Agency, Inc. v. City of Miami, 192 So.2d 305 (Fla. 3d DCA 1966) cert. denied, 201 So.2d 459 (Fla.1967); Milton v. City of Marianna, 107 Fla. 251, 144 So. 400 (1932).
With respect to the motion to dismiss addressed to individual counts, the motion should have been granted as' to Count IV, alleging an equity of redemption because we cannot discern a factual basis for this claim. If meant in its technical sense, there are no allegations that a mortgage is involved. If meant in its non — technical sense, as the value of the property in excess of its liens,[2] there are no allegations which disclose this meaning. Perhaps an amendment to the count can reveal the basis upon which appellee claims an equity of redemption.
The order of the trial court declining to dismiss Count IV of the Complaint is reversed, and the trial court shall permit ap-pellees an opportunity to amend that count if they so desire. In all other respects, the order appealed from is affirmed.
AFFIRMED IN PART AND REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.

. Filed under former Rule 4.2, Florida Appellate Rules (1962) in the Fourth District Court of Appeal and transferred here.

. 29A Fla.Jur., Secured Transactions, § 353 (1967). See also Hoffman v. Semet, 316 So.2d 649 (Fla. 4th DCA 1975), where it was held that a vendee in possession under an agreement for deed, after default and before relinquishing possession, had an equity of redemption which was subject to levy and execution under a judgment, within the meaning of § 56.061, Florida Statutes (1973).