DAUKSCH, Judge.
This is an appeal from a non-final order in a medical malpractice case. The order severs two causes of action alleged in two counts in a single complaint and transfers one count to another venue.
Orlando Regional Medical Center, Inc. operates a hospital in Orange County and is accused in Count I of the complaint of solely causing the injury to the plaintiff.
Shands Teaching Hospital and Clinics, Inc. operates a hospital in Alachua County and is accused in Count II of solely causing the same injury, by the same method at the same time as Count I alleges Orlando Regional Medical Center, Inc. did so.
The complaint does not allege that the two hospitals are jointly liable or that one or the other of them is liable and the plaintiff is uncertain as to which defendant should be held accountable. Had the plaintiff so alleged then we would agree with the assertion that Highland Insurance Co. v. Walker Memorial Sanitarium and Benevolent Assoc., 225 So.2d 572 (Fla. 2d DCA 1969) applies.
In Highland it was alleged that two different surgeries were performed on the plaintiff and that one or both of the surgeries caused one or more of the defendants to be liable for alleged injuries. But the plaintiff here has not done as the plaintiff in Highland did. Here the plaintiff alleges, essentially, that each hospital “allow(ed) a warm and/or hot object to come in contact with” a finger and ultimately, as a result of that conduct the finger had to be amputated. Apparently, the plaintiff is trying to hold each of two defendants guilty for one act. He has not alleged that both defendants caused the injury and he has not joined two defendants to account for the one injury. This plaintiff has filed two separate and distinct, albeit worded exactly the same, lawsuits in the two counts of the same complaint.
The trial judge severed the count against the Alachua County defendant and transferred that suit to that county. We affirm that order because each defendant has the right to be sued in its resident county. Section 47.021, Florida Statutes (1981), has no applicability here because there is not one cause of action alleged against two defendants in this case. Instead, as we have said, there are two causes of action alleged against the two defendants.
AFFIRMED.
COBB, J., concurs.
ORFINGER, C.J., dissents with opinion.