DANIEL S. PEARSON, Judge,
concurring in part; dissenting in part.
The import of Florida Rule of Civil Procedure 1.060(b) is simply that when the plaintiff has filed an action laying venue in the wrong county, and the defendant objects thereto, the court’s power over the suit is limited to transferring it, in accordance with the rule, to a county in which venue was proper. Where proper venue is in more than one county (here, as to the corporate defendant, in Monroe and Indian River Counties), the Rule gives the plaintiff the absolute right, which was exercised below, to select the county to which the cause will be transferred:
“when the venue might have been laid in two or more counties, the person bringing the action may select the county to which the action is transferred, but if no such selection is made, the matter shall be determined by the court.”
Thus, despite the corporate defendant’s arguably meritorious contention that Indian River County is a far more convenient forum than Monroe County, the plaintiff’s choice of Monroe County precluded the Dade County Circuit Court from transferring the cause against it to Indian River County. Of course, had the plaintiff made no selection, the court below would have been free to transfer the cause, on grounds of convenience, to Indian River County. Similarly, once the cause is lodged in Monroe, a proper forum, then Rule 1.060(b) will no longer be operative, and that court will be free to entertain any defendant’s forum non conveniens motion.
It is for these reasons that I concur with the majority insofar as it approves the transfer of the action against Bryn Mawr Ocean Resorts, Inc., the corporate defendant, to Monroe County. However, with respect to the individual defendants, Brewster, Pala and Dahlberg, I dissent.
The counts against the corporate defendant charge it with negligent construction, breaches of statutory, implied and express warranties, and the publication of false and misleading information, all of which pertain to matters of construction on the site or sale of units to the members of the plaintiff association. The single count of the complaint against the individual defendants alleges that they, while serving as directors of the plaintiff association, breached their fiduciary duty to the plaintiff by failing to pay assessments on unsold units. It is evident, then, that the cause of action against the individual defendants is totally unrelated, factually and legally, from the causes of action against the corporation.
Indisputably, two of the individual defendants reside in Indian River County, where all three of these individuals worked *1220 and where they performed or failed to perform the acts in question. Dahlberg resides in St. Lucie County. Section 47.011, Florida Statutes (1981), provides:
“Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.”
Since the action against the individuals does not involve “property in litigation,” the plaintiff’s choice of venue as to Brewster and Pala was limited to Indian River County, and as to Dahlberg, St. Lucie County, their respective residences, or Indian River County, where the cause of action accrued, that is, “where the act creating the right to bring an action occurred.” See EJ. Sales & Service, Inc. v. Southeast First National Bank of Miami, 415 So.2d 906, 907 (Fla. 3d DCA 1982).
Concededly, Section 47.041, Florida Statutes (1981), creates an exception to Section 47.011. Section 47.041 provides:
“Actions on several causes of action may be brought in any county where any of the causes of action arose. When two or more causes of action joined arose in different counties, venue may be laid in any of such counties, but the court may order separate trials if expedient.”
This section, however, permits the joinder of causes of action in one county against a defendant who is properly sued there under one of the causes of action, even though venue as to the other causes of action would be elsewhere. It does not authorize the joinder of causes of action against multiple defendants, where venue as to some of the defendants does not lie under any of the causes of action.
Nor does Section 47.021, Florida Statutes (1981), overcome the right of these individuals to be sued in the places prescribed in Section 47.011. Section 47.021 provides:
“Actions against two or more defendants residing in different counties or districts may be brought.in any county or district in which any defendant resides.”
Section 47.021 contemplates the joinder of multiple defendants in at least one cause of action in which the plaintiff is asserting that the defendants’ actions concurred to contribute to the injury about which the plaintiff complains. But in the present case, no such concert of action or joint liability is alleged.
Finally, even recognizing that the liberal joinder provisions of Florida Rule of Civil Procedure 1.210 have been held to authorize a further exception to Section 47.011, this has occurred in the discrete instance where, although the actions of the defendants were not concurrent, the uncertainty as to which defendant should be held accountable for independent actions causing the same injury justified the joinder of a non-resident defendant whose presence was deemed “necessary or proper to a complete determination of the cause.” Compare Highland Insurance Co. v. Walker Memorial Sanitarium and Benevolent Association, 225 So.2d 572 (Fla. 3d DCA 1969), with E.A.W. v. Orlando Regional Medical Center, Inc., 424 So.2d 189 (Fla. 5th DCA 1983).
But in the present case there is simply no compelling reason that the rights of the individuals to be sued in one of the counties designated in Section 47.011 should give way. Separate trials will neither enhance the difficulties of proof nor tend to obstruct, rather than promote, justice. Separate trials will be no less efficient or expeditious. Thus, even accepting, arguendo, that Section 47.011 does not create an absolute venue right in a defendant whose sole connection to a multiple-defendant suit is through a cause of action against him separate and distinct from causes of action brought against other defendants, at least in the absence of the type of extraordinary circumstance recognized in Highland Insurance Co., 225 So.2d 572, his rights under Section 47.011 must take precedence over the right of a plaintiff to sue everyone in the same venue.
Therefore, two of the individual defendants have the right to be sued only in Indian River County, and in the case of Dahlberg, in either Indian River or St. Lu-cie County. That right cannot be defeated by the mere act of joining them in an action *1221 against the corporate defendant which could be sued either in Monroe or Indian River County. The plaintiffs selection of Monroe County under Rule 1.060(b) has no more effect upon the rights of the individual defendants than had the plaintiff brought suit against these defendants in Monroe County in the first instance. They are, in my view, entitled to have the suit transferred.
Finally, I take issue with the penultimate statement of the majority that its decision is “without prejudice to the individual defendants to raise anew their motion to transfer etc.” Certainly, the transfer of the corporate defendant to Monroe County must also be without prejudice to its asserting that Indian River County is a more convenient forum.