## AKINS, etc. v. BROWN, et al.

### Case No. 85 5657 CA (L) H

Fifteenth Judicial Circuit, Palm Beach County

September 26, 1985

### APPEARANCES OF COUNSEL

**Robert M. Montgomery, Jr.,** and **Theodore Babbitt** for plaintiff.

**Joseph Metzker** for Lena Brancuzzo and Hospital Corporation of America.

**Jones and Foster** for Rathburn, Keldie, and Emergency Medical Services Assoicates, Inc.

**Roy R. Watson** for Mohammed Jabbar, M.D.

**Patrick V. Fogarty** for Louis A. Viamontes, M.D.

**Gary Chernay** for Fred D. Brown, M.D.

### OPINION OF THE COURT

RICHARD I. WENNET, Circuit Judge.

This cause came before the Court on the following motions:

1. The Motion to Sever and Transfer Cause and/or Motion for Change of Venue filed by Defendants, FRED D. BROWN, M.D. and FRED D. BROWN, M.D.P.A.

2. The Motion for Change of Venue filed by the Defendant, MOHAMMED JABBAR, M.D.

3. The Motion for Change of Venue filed by the Defendants,

CHRISTOPHER RATHBURN, M.D., CARL J. KELDIE, M.D., CARL J. KELDIE, M.D.P.A., and EMERGENCY MEDICAL SERVICES ASSOCIATES, INC.

The Court having studied the motions, memoranda and affidavits filed by the parties, and being otherwise fully advised in the premises finds:

1. This is a medical malpractice action alleging joint liability between the Defendants wherein the deceased minor child was initially treated at the H.H. Raulerson Jr. Memorial Hospital located in Okeechobee County, Florida, owned by the Hospital Corporation of America, which also does business in Palm Beach County, Florida. Thereafter the child was transferred to the Orlando Regional Medical Center in Orange County, Florida, where she died.

2. Defendants FRED D. BROWN, M.D. and FRED D. BROWN, M.D.P.A. seek in the alternative to sever the action and to transfer the cause against them to Okeechobee County, Florida. The Court finds that the complaint alleges joint liability amongst the Defendants in a single count. Thus, it would be improper to sever defendants in the same cause of action. *E.A.W. v. Orlando Regional Medical Center, Inc.*, 424 So.2d 189 (Fla. 5th DCA 1983). Accordingly, this aspect of Defendants' motion will be denied.

3. Defendants further seek to transfer venue to Okeechobee County on the grounds that venue is improperly laid in Palm Beach County. Defendant, HOSPITAL CORPORATION OF AMERICA, owns a hospital and does business in Palm Beach County, Florida. Further, Defendant, CHRISTOPHER RATHBURN, M.D., maintains his personal residence in Palm Beach County, Florida. Pursuant to Florida Statutes 47.011 and 47.021, the Court finds that venue is proper in Palm Beach County. Accordingly, this aspect of the motion must be denied. It has generally been held that it is plaintiff's privilege to select venue in any jurisdiction so long as venue is proper in that jurisdiction. See *Bassett v. Talquin Electric Co-op, Inc.*, 362 So.2d 357 (Fla. 1st DCA 1978).

4. The last argument forwarded by all defendants in support of their respective motions is that the Court should exercise its discretion and transfer venue to Okeechobee County pursuant to Florida Statutes Section 471.122 which allows a transfer for the convenience of the parties or witnesses or in the interest of justice. This argument gives the Court cause for concern. There are many conflicting needs and desires, and the Court is in a quandary as to how to adequately resolve them. Defendants Rathburn and HOSPITAL CORPORATION OF

164

AMERICA, respectively reside and do business in Palm Beach County. The following defendants reside or maintain their business residence in Martin County:

Carl J. Keldie, M.D.

Carl J. Keldie, M.D.P.A.

Emergency Medical Services Associates, Inc.

The following defendants reside or do business in Okeechobee County, Florida:

Fred D. Brown, M.D.

Fred D. Brown, M.D.P.A.

Louis A. Viamontes, M.D.

Mohammad Jabbar, M.D.

Lastly, Defendant LENA BRANCUZZO, C.R.N.A. resides and works in Dade County, Florida. The Court notes that this defendant and HOSPITAL CORPORATION OF AMERICA seek to have venue remain in Palm Beach County.

5. Plaintiff argues that there will be a number of non-party witnesses testifying in the action from Orange County, Florida, where the minor child expired, and that it would be far easier for these witnesses to travel to this forum as opposed to Okeechobee County. The Court sees no reason to question these assertions.

6. Other matters are argued in the memoranda filed by Defendant Brown and Plaintiff Akins which the Court will not state in this Order other than to say it is a very close question as to who will be most inconvenienced or least convenienced. Inasmuch as this is a "toss-up" question and the burden rests upon the movant to demonstrate cause for the transfer, the Court will deny the motion. *Hu v. Crockett*, 426 So.2d 1275 (Fla. 1st DCA 1983).

It is thereupon

ORDERED AND ADJUDGED that Defendants' motions to sever and transfer cause and motions for change of venue are denied.