POLEN, Judge.
A hotel/restaurant enterprise, who was sued along with another business by an individual who allegedly slipped and fell on both premises, four years apart, appeals an order denying its motion to sever, transfer venue, or bifurcate the two-count complaint filed. Because the claims are distinct, we reverse.
Iria Lund, a Martin County resident, filed a two-count complaint in the circuit court in Martin County, Florida against Bass Orlando Lee Road, Inc. d/b/a Holiday Inn Hotel/Holiday Inn Restaurant (Bass Orlando) and Beverly Enterprises-Florida, Inc. d/b/a Salerno Bay Manor (Beverly), for damages he alleged to have sustained in two unrelated slip and fall accidents. In the first count, he alleged that he slipped and fell in 1992 on the premises at Bass, who he maintained was a foreign corporation doing business in Florida, and that maintained, owned, and operated a hotel in Osceola County, Florida. In the second count, he alleged that he slipped and fell in 1996 while “convalescing” following surgery at Beverly, who he contended was a corporation doing business in Martin County, Florida. He argued that Beverly had a duty to protect him from “further” injury.
Bass Orlando subsequently filed a motion to sever the claims or transfer venue. It first argued that it conducted business in Florida solely in Orange County, and'apparently provided the trial court with an affidavit from its vice-president of real estate testifying to the same.[1] Accordingly, it stated that venue was appropriate in Orange County, not Martin. It also argued that the two claims should be severed as distinct. The court denied the motion, and this non-final appeal followed.
We address Bass’ second argument first, that the trial court erred in denying its motion to sever, as dispositive of both arguments. In support of its proposition, that because the complaint stated distinct claims the same should be tried separately, Bass relies on E.A.W. v. Orlando Regional Medical Center, Inc., 424 So.2d 189, 189-90 (Fla. 5th DCA 1983). E.AW. concerned a non-final appeal from an order granting a motion to sever and transferring venue. The complaint in that case alleged claims against two defendants for the same injury. The complaint failed to allege, however, that the two defendants were jointly hable or that either one was hable in the sense that the plaintiff was uncertain as to which defendant should be held accountable. The fifth district affirmed the severance order finding that, because the complaint stated two distinct causes of action, as opposed to one cause of action against the two defendants, each defendant had the right to be sued in its resident county. Id.
We beheve the same principles apply here. Lund, in his complaint, does not allege any connection between the two claims. Furthermore, in his answer brief, he fails to argue or demonstrate how the causes of action between Beverly and Bass are properly joined, and, moreover, omits any attempt to distinguish E.A.W. Based on the pleadings, we find, therefore, that the two counts are distinct and should have been severed. As such, and under E.A.W., we also find that Bass Orlando has the right to be sued in its resident county. Upon severance, the claim against Bass Orlando shall be transferred to Orange County.
REVERSED and REMANDED for further proceedings in accordance with this opinion.
FARMER and GROSS, JJ., concur.

. Appellant has not provided this court with a copy of its affidavit, nor with a transcript of the hearing on its motions. Nonetheless, appellee does not contest the affidavit nor its contents, and we, therefore, deem Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979), inapposite.