VILLANTI, Judge.
Dr. Emanuel Kontos, D.M.D., P.A., seeks review of the final judgment of the circuit court that purports to enforce an administrative final order entered in a retaliatory discharge case. We affirm but write to address a legal issue underlying the provisions of the Pinellas County Code that were applied in this case.
Menz brought a retaliatory discharge action against Kontos, her former employer, under section 70-54 of the Pinellas County Code. This code provision, which generally prohibits an employer from retaliating against an employee because that employee has filed a discrimination complaint or opposed a discriminatory practice, essentially tracks the language of section 760.10(7), Florida Statutes (2009). After an evidentiary hearing before an administrative law judge (ALJ) appointed by the Department of Administrative Hearings, the ALJ entered a proposed order finding in favor of Menz. Neither party filed exceptions to the ALJ’s proposed order, and a final order in favor of Menz was rendered on June 1, 2011. Kontos did not appeal.
When Kontos failed to pay the award made in the final order, Menz filed a “petition for enforcement” in the Sixth Judicial Circuit Court. The petition stated that it was being filed pursuant to section 70-78(b) of the Pinellas County Code, which provides:
Upon failure of any party to comply with an order of the administrative law judge to pay damages, a “petition for enforcement” may be filed by the board of county commissioners, or the complainant, in a court of competent jurisdiction. A court reviewing a petition for enforcement shall require the responding party to show cause, based upon the record established below, why such order should not be enforced, and shall enforce the order unless there is a showing by the responding party that, based upon the record, there is no competent substantial evidence to support the order and/or the order did comply with the essential requirements of law.
The circuit court accepted jurisdiction over the petition based solely on this section of the Pinellas County Code, and it ordered Kontos to show cause why the ALJ’s final order should not be enforced. Kontos responded by challenging the factual findings of the ALJ. The circuit court rejected these challenges and entered an order enforcing the petition, which Kontos now appeals.
While neither party raised the issue of whether the circuit court had jurisdiction to consider Menz’s petition for enforcement, this court sua sponte questioned whether Pinellas County could confer jurisdiction on the circuit court to hear petitions for enforcement pursuant to section 70-78(b) of the Pinellas County Code. While we conclude that it could not do so, we also conclude that its attempt to do so was harmless.
The jurisdiction of the circuit courts is set forth in article V, section 5, of the Florida Constitution. This section provides that “circuit courts shall have original jurisdiction not vested in the county courts” and “the power of direct review of administrative action prescribed by general law.” Art. V, § 5(b), Fla. Const. We have previously stated that section 5(b) “is a constitutional limit on the authority of any body other than the legislature to *717 confer jurisdiction on the state’s circuit courts.” Pleasures II Adult Video, Inc. v. City of Sarasota, 833 So.2d 185, 189 (Fla. 2d DCA 2002) (emphasis added). Moreover, because the legislature may create jurisdiction in the circuit courts only by “general law,” a “special” or local law cannot confer such jurisdiction. Id.; see also Cherokee Crushed Stone, Inc. v. City of Miramar, 421 So.2d 684, 685 (Fla. 4th DCA 1982) (noting that a municipal ordinance “may not confer jurisdiction on the circuit court where none otherwise exists”).
The circuit courts’ jurisdictional scope is codified in section 26.012, Florida Statutes (2009), which contains an exclusive list of the types of cases that fall within the original and review jurisdiction of the circuit courts. Nothing in either article V of the Florida Constitution or section 26.012 permits a city, county, or other municipal body to confer jurisdiction on a circuit court by enacting local laws or codes. However, courts have held that when a local law or code “confers no more power of jurisdiction upon that court than it already had without such provision,” the local law does not violate the constitution. Milton v. City of Marianna, 107 Fla. 251, 144 So. 400, 402 (1932). Thus, a jurisdictional deficiency arises only when the local law or code serves as the sole source of the circuit court’s jurisdiction.
Here, we have determined that the “grant” of jurisdiction set forth in section 70-78(b) of the Pinellas County Code does not violate the constitution because jurisdiction was already granted to the circuit court, and hence “otherwise exists,” under general law, i.e., section 120.69, Florida Statutes (2009). This section, which deals with the enforcement of agency action, permits either the agency or a “substantially interested person” to file a “petition for enforcement” in the circuit court where the subject matter of the enforcement is located. Id. While we recognize that Menz did not reference section 120.69 in her petition, we view this error as a pleading deficiency that did not divest the circuit court of jurisdiction to entertain the petition. Cf. Carbajal v. State, 75 So.3d 258, 262 (Fla.2011) (noting that alleged defect in a criminal information relating to the statewide prosecutor’s authority to prosecute defendant did not divest the circuit court of jurisdiction, which it indubitably had under general law); Hosp. Corp. of Am. v. Lindberg, 571 So.2d 446, 448 (Fla.1990) (holding that while pleading deficiencies in a complaint may fail to properly invoke the jurisdiction of the circuit court, such deficiencies do not deprive the court of subject matter jurisdiction and may be corrected if proper objections are made); Martinez v. Abraham Chevrolet-Tampa, Inc., 891 So.2d 579, 581 (Fla. 2d DCA 2004) (holding that alleged defect in the verification of plaintiffs administrative complaint was not jurisdictional and thus was waived when the defendant failed to object). Hence, we find no constitutional jurisdictional infirmity in the entry of the final judgment on appeal.
More troubling, however, are the provisions of section 70-78(b) which purport to tell the circuit court what procedures it must follow when it receives a petition for enforcement and what standard of review it must use when considering the petition. “Generally, the Legislature has the power to enact substantive law, while the Court has the power to enact procedural law.” Allen v. Butterworth, 756 So.2d 52, 59 (Fla.2000); see art. V, § 2(a), Fla. Const. And under the separation of powers doctrine, “[n]o person belonging to one branch [of government] shall exercise any powers appertaining to either of the other branches unless ex *718 pressly provided herein.” Art. II, § 3, Fla. Const.
To the extent that section 70-78(b) purports to delineate the scope of review by the circuit court and the procedures to be used during that review, it encroaches on the powers of the legislature and the supreme court to enact substantive and procedural law. Hence, in our view, those portions of section 70-78(b) that set forth procedures for the circuit court to follow and the standard of review the court is to apply violate the separation of powers doctrine. However, because the circuit court’s reliance on these procedures did not result in harm to either party in this case, we affirm despite any constitutional procedural infirmity.
Affirmed.
NORTHCUTT and CRENSHAW, JJ., Concur.