NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WILLIAM CRESCENZO, )
)
      Appellant, )
)
v. )     Case No. 2D15-1493
)
WAYNE MARSHALL a/k/a Grady Wayne )
Marshall; CHRISTINA N. JOHNSON a/k/a )
Christine Nicole Marshall; RICHARD W. )
GERMAN; DEUTSCHE BANK NATIONAL )
TRUST COMPANY, as Trustee, in Trust for )
the Registered Holders of Ameriquest )
Mortgage Securities Inc., Asset Backed )
Pass-Through Certificates, Series 2003-11; )
W S BADCOCK CORPORATION; BANK )
OF AMERICA, N.A.; FLICK MORTGAGE )
INVESTORS, INC.; DEUTSCHE BANK )
NATIONAL TRUST COMPANY, as Trustee )
in Trust for the Registered Holders of )
Argent Securities Inc., Asset Backed Pass- )
Through Certificates Series 2005-W-5; )
MARIA ZHINGRI; US BANK NATIONAL )
ASSOCIATION, as Trustee of CSFB ABS )
Trust Series Heat 2002-2; FELIX )
CABREJA; and NEW CENTURY )
MORTGAGE CORPORATION, )
)
      Appellees. )
_____ )

Opinion filed August 12, 2016.

Appeal from the Circuit Court for
Hillsborough County; Martha J. Cook,
Judge.

Ann M. Allison of Allison Law Group,
Tampa, for Appellant.

No appearance for Appellees.


BLACK, Judge.

William Crescenzo challenges the order dismissing his quiet title complaint and directing that the clerk of the circuit court close the case and "no longer accept any filings." Mr. Crescenzo raises two issues on appeal, both of which necessitate reversal.

In his lawsuit, Mr. Crescenzo sought to quiet title to six properties he had acquired in Hillsborough County. The complaint contained six separate counts to quiet title, each addressing a separate parcel of real property and each identifying how the parcel was obtained; the names of the relevant defendants for the count; the parcel's legal description, folio number, and street address; and the deraignment of title for the parcel. In effect, Mr. Crescenzo combined six quiet title lawsuits into one complaint.

Defaults were entered against various defendants for failure to file any papers, and the remaining defendants filed answers claiming no interest in the respective properties. Mr. Crescenzo then moved for summary judgment. Following a second summary judgment hearing, the court sua sponte dismissed Mr. Crescenzo's complaint, determining that Mr. Crescenzo had "improperly joined what should be six separate causes of action in one case in an effort to avoid the required filing fees."

On appeal, Mr. Crescenzo first argues that the court violated his due process rights by sua sponte dismissing his complaint. We review de novo whether the

lower court complied with the requirements of due process. Fed. Nat'l Mortg. Ass'n v. Sanchez, 187 So. 3d 341, 342 (Fla. 4th DCA 2016). "Due process requires notice and an opportunity to be heard prior to dismissal." Id. And a court's failure to provide "notice of its intent to dismiss or allow for an opportunity to be heard prior to dismissal" violates the plaintiff's due process rights. Id.; see also Land Dev. Servs., Inc. v. Gulf View Townhomes, LLC, 75 So. 3d 865, 871 (Fla. 2d DCA 2011) ("Due process protections prevent a trial court from deciding matters not noticed for hearing and not the subject of appropriate pleadings." (quoting Mizrahi v. Mizrahi, 867 So. 2d 1211, 1213 (Fla. 3d DCA 2004))). "A trial court simply may not sua sponte craft remedies that violate the parties' due process rights." Daniels v. Sorriso Dental Studio, LLC, 164 So. 3d 778, 782 (Fla. 2d DCA 2015).

The issue before the trial court was Mr. Crescenzo's motion for summary judgment. Dismissal of the complaint was not raised at the hearing or otherwise. The court reversibly erred by dismissing the complaint.

Mr. Crescenzo also argues that the court erred in applying the law when it dismissed the lawsuit. He contends that nothing in the Florida Rules of Civil Procedure prevents him from bringing six quiet title actions in one lawsuit. We disagree.

> While several causes of action may be joined in a single complaint, such joinder does not negate the fact that the plaintiff could have brought these claims in separate complaints. See Fla. R. Civ[.] P[.] 1.110(g). The operative question is whether the same facts are necessary to prove each cause of action.

Bacardi v. Lindzon, 845 So. 2d 33, 36 (Fla. 2002). Here, the facts necessary to quiet title on the six properties differ, making them separate actions not amenable to joinder. See id. at 37 ("The mere fact that Bacardi filed her claims involving each trust in the

same complaint does not make the individual claims one cause of action. The two trusts were established in different places, for the benefit of different persons, with different primary and contingent beneficiaries. Bacardi herself has different rights and interests under each of the trusts. Of necessity, the facts which will prove or disprove her claims will also differ with each trust.").

> [T]here is no positive inflexible rule as to what constitutes multifariousness requiring dismissal of a complaint; however, multifariousness occurs when distinct and disconnected subjects, matters or causes are joined in the same complaint or when parties, either as defendants or plaintiffs, who have no common interest in the subject matter of the litigation or connection with each other insofar as the issues in the litigation are concerned join in the same suit.

Carbonell v. Am. Int'l Pictures, Inc., 313 So. 2d 417, 418 (Fla. 3d DCA 1975) (citing Williams v. Ricou, 196 So. 667, 669 (Fla. 1940)).

And while Mr. Crescenzo focuses on the language of rule 1.110(g) that "[a] pleader may set up in the same action as many claims or causes of action or defenses in the same right as the pleader has," he fails to recognize that the rule contemplates that all of those claims or causes of action must accrue to him in the same capacity and involve the same operative facts. Cf. Bass Orlando Lee Rd., Inc. v. Lund, 702 So. 2d 250, 251 (Fla. 4th DCA 1997) (reversing denial of motion to sever where there was no allegation of any connection between two claims raised against separate defendants in one lawsuit); E.A.W. v. Orlando Reg'l Med. Ctr., Inc., 424 So. 2d 189, 190 (Fla. 5th DCA 1983) (affirming severance where the plaintiff "filed two separate and

distinct, albeit worded exactly the same, lawsuits in the two counts of the same complaint").[1]

Nonetheless, "[m]isjoinder of parties is not a ground for dismissal of an action. Any claim against a party may be severed and proceeded with separately." Fla. R. Civ. P. 1.250(a). Mr. Crescenzo properly brought one quiet title action in the complaint, and the trial court erred in dismissing the complaint in its entirety.

Accordingly, although we have found no basis to permit Mr. Crescenzo to bring essentially six lawsuits arising out of different facts in one complaint, because the court erred by dismissing the action without providing due process to Mr. Crescenzo and by dismissing the entire action rather than severing five of the counts and proceeding to quiet title to one of the properties, we reverse.

Reversed and remanded.


MORRIS and BADALAMENTI, JJ., Concur.

---

[1]While there are cases that appear to permit a government plaintiff to aggregate its claims against multiple defendants where the cause of action is identical, each of those cases involved not only a government plaintiff but specific legislation permitting the aggregation. See Agency for Health Care Admin. v. Associated Indus. of Fla., Inc., 678 So. 2d 1239, 1255 (Fla. 1996); Milton v. City of Marianna, 144 So. 400, 402 (Fla. 1932). But see Taff v. Hodge, 182 So. 230, 230 (Fla. 1938) ("The appellee, John E. Hodge, brought suit in the Circuit Court of Wakulla County to quiet his title to several tracts of land in Wakulla County which he held under a tax deed. A final decree in compliance with the prayer of the bill was entered October 7, 1937. This appeal is from that part of the final decree relating to fractional section twenty-eight, Township Five, South Range three West.").