DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAWN MICHELLE MICHAELS,**
Appellant,

v.

**MARY BETH JOHNSON** and
**DANIEL T. ST. GEORGE,**
Appellees.

No. 4D2023-2186

[May 8, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Bradley G. Harper, Judge; L.T. Case No. 50-2017-CA-012406-XXXX-MB.

Thomas Zeichman of Beighley, Myrick, Udell, Lynne & Zeichman PA, Boca Raton, for appellant.

No appearance for appellees.

DAMOORGIAN, J.

Dawn Michelle Michaels ("Plaintiff") appeals the trial court's final order *sua sponte* dismissing her action as a sanction for failure to comply with an order of referral to arbitration. For the reasons discussed below, we reverse.

Plaintiff sued defendants, Mary Beth Johnson and Daniel T. St. George, for fraudulent transfer of assets. The trial court ultimately entered an order of referral to arbitration. No language in the order of referral, or the subsequent order extending the deadline to agree upon an arbitrator, provides that failure to comply with the order would result in dismissal of the action or other sanctions. Approximately nine months later, the trial court *sua sponte* dismissed Plaintiff's action as a sanction for failure to comply with the order of referral to arbitration and directed the clerk of the court to "close the file." The dismissal order did not include the necessary findings as required in *Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993), and its progeny. This timely appeal follows.

It is well established that "[d]ue process requires notice and an opportunity to be heard prior to dismissal." *Comprehensive Spine Ctr., PLLC v. Equity Ins. Co.*, 330 So. 3d 35, 37 (Fla. 4th DCA 2021) (quoting *Fed. Nat'l Mortg. Ass'n v. Sanchez*, 187 So. 3d 341, 342 (Fla. 4th DCA 2016)); *see also Crescenzo v. Marshall*, 199 So. 3d 353, 355–56 (Fla. 2d DCA 2016) ("[A] court's failure to provide notice of its intent to dismiss or allow for an opportunity to be heard prior to dismissal violates the plaintiff's due process rights." (citation and internal quotation marks omitted)). This includes when a court *sua sponte* dismisses an action as a sanction for failure to comply with a court order. *See Amiache v. Island Towers, Inc.*, 367 So. 3d 545, 547 (Fla. 4th DCA 2023) ("[T]he trial court could not dismiss the action as a sanction for failure to file a second amended complaint without first providing Appellant with notice of its intent to consider imposing sanctions for this reason, which the court in this case did not do."); *Comprehensive Spine*, 330 So. 3d at 37 (holding that by failing to give plaintiff notice of its intent to *sua sponte* dismiss the action as a sanction for failure to comply with an agreed order, the court denied plaintiff due process).

Here, the trial court did not provide Plaintiff notice of its intent to *sua sponte* dismiss the action as a sanction or allow for an opportunity to be heard prior to dismissal. Moreover, the order of referral to arbitration did not include language that failure to comply with the order would result in dismissal. Plaintiff was therefore denied due process. *See Comprehensive Spine*, 330 So. 3d at 37. To further compound the error, the trial court also failed to make the necessary *Kozel* findings in the dismissal order. *See Chappelle v. S. Fla. Guardianship Program, Inc.*, 169 So. 3d 291, 294 (Fla. 4th DCA 2015) ("Before a court may dismiss a cause as a sanction, it must first consider the six factors delineated in *Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993), and set forth explicit findings of fact in the order that imposes the sanction of dismissal." (citation omitted)).

Accordingly, we reverse and remand for further proceedings. If, after providing Plaintiff with the required notice and opportunity to be heard, the trial court still decides to dismiss the action as a sanction, the court must also make the necessary *Kozel* findings.

*Reversed and remanded.*

MAY and CONNER, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***